IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FFWCT, LLC; USA FLAG, LLC; AND TRAVIS BURNETT | § § § | |
| *Plaintiffs,* | § § § § | |
| v. | § § | CIVIL ACTION NO. |
| USA FOOTBALL, INC., | § § § | |
| *Defendant.* | § § § § § | |

## COMPLAINT

Plaintiffs FFWCT, LLC, USA Flag, LLC, and Travis Burnett file this Complaint against Defendant USA Football, Inc. and allege the following:

## I.     PARTIES

1.     <u>Plaintiff FFWCT, LLC</u>.  Plaintiff FFWCT, LLC ("FFWCT") is a limited liability company organized under the laws of the State of Texas, with a business address of 209 Trailwood Drive, Allen, Texas 75002-4938.  FFWCT is located in Collin County, which is within the Sherman Division of this judicial district.

2.     <u>Plaintiff USA Flag, LLC</u>. Plaintiff USA Flag, LLC ("USA Flag") is a limited liability company organized under the laws of the State of Texas, with a business address

of 209 Trailwood Drive, Allen, Texas 75002-4938.  USA Flag is located in Collin County, which is within the Sherman Division of this judicial district.

3.    <u>Plaintiff Travis Burnett</u>.  Plaintiff Travis Burnett ("Burnett") is an individual residing in Allen, Texas.  Burnett is thus a resident of Collin County, which is within the Sherman Division of this judicial district.  Collectively, FFWCT, USA Flag, and Burnett may be referred to herein as "Plaintiffs."

4.    <u>USA Football, Inc</u>.  Defendant USA Football, Inc. ("USA Football" or "Defendant") is a 501(c)(3) non-profit organization organized under the laws of Virginia, with its headquarters at 45 N. Pennsylvania Street, Suite 800, Indianapolis, Indiana 46204.

## II.    <u>JURISDICTION & VENUE</u>

5.    This case involves claims for false and/or misleading representation of fact, false and/or misleading description of fact, and unfair competition under the Lanham Act (15 U.S.C. § 1051 et seq.).  This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

6.    This Court has personal jurisdiction over USA Football inasmuch as USA Football has advertised for and sponsored flag football events that have taken place, or that will take place, within this judicial district, solicited flag football teams for participation in such events in this judicial district (see **Exhibits 1-6** attached hereto[1]),

————————————————#

[1] A number of the exhibits are annotated with yellow highlighting or red boxes or underlining to show the key portions of the exhibits.

and directed a demand letter to one or more of the Plaintiffs, who are residents of this judicial district (see **Exhibit 7** attached hereto).

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant solicits and conducts business related to the subject matter of this action within the Eastern District of Texas, and is subject to personal jurisdiction within the Eastern District of Texas.  For example, Defendant promotes flag football tournaments in this judicial district, including one in Trophy Club, Texas (in Denton County) in April of 2023 and an upcoming one in Frisco, Texas (in Collin County) in June of 2023 (see **Exhibits 1-6** attached hereto), as well as directing a demand letter to a one or more of the Plaintiffs, who are residents of this judicial district, specifically USA Football directed its letter into McKinney, Texas (in Collin County) (see **Exhibit 7** attached hereto).

### III.   <u>FACTUAL BACKGROUND</u>

8.      FFWCT is an Allen, Texas-based entity that runs flag football tournaments.

9.      USA Flag is an Allen, Texas-based entity that runs flag football camps and flag football tournaments.

10.      Travis Burnett is a resident of Allen, Texas (in Collin County) and is the proverbial "mover and shaker" behind FFWCT and USA Flag.  He is very experienced in the flag football industry in terms of running tournaments, events, and camps, having been involved as an organizer of flag football tournaments in around the country since at least as early as 2010.

11.     USA Football, on its website, usafootball.com, claims to be "FOOTBALL'S GOVERNING BODY," and further states the following, among other things: "As football's governing body, USA Football is the sole US member of the International Federation of American Football (IFAF). We create and deliver best-in-class resources, standards and experiences for every football family member to pursue and enjoy America's favorite sport, from youth to elite U.S. National Teams. We are recognized by the United States Olympic & Paralympic Committee, and we are proud to join IFAF and the NFL to advocate for flag football's inclusion in the 2028 Olympic Games."

12.     For at least the past several years through the present, USA Football has issued numerous press releases (representative examples of which are attached hereto), including, but not limited to, press releases directly pertinent to flag football in the United States, stating that USA Football is "the sport's national governing body" or the like.   See **Exhibits 8-26** attached hereto.   Such a statement, description, and/or representation is incorrect, inaccurate, false, deceptive, and/or misleading to the relevant consuming public and related stakeholders, and to the best of Plaintiff's knowledge has never been correct, accurate, true, or forthright.

13.     The Team USA website, which is the website of the United States Olympic and Paralympic Committee ("USOPC"), does not list *any* national governing body for football or flag football (see immediately below and **Exhibits 27-30**, attached hereto).



And it does not list football as an Olympic or Paralympic sport at all.



14.     In fact, a representative of the USOPC informed Plaintiffs that USA Football is not a "national governing body."  The same representative informed Plaintiffs

that "national governing body" is a highly protected status that has a stringent, statutory application process.

15.     Pursuant to the "Ted Stevens Olympic and Amateur Sports Act" (Title 36 U.S. Code Section 220501 et seq.), a "national governing body" is defined as: "an amateur sports organization, a high-performance management organization, or a paralympic sports organization that is certified by the corporation under section 220521."

16.     Title 36 U.S.C. § 220521 states, in part, that:

"(a) **In General**.—With respect to each sport included on the program of the Olympic Games, the Paralympic Games, the Pan-American Games, or the Parapan American Games, the corporation—

(1)  may certify as a national governing body an amateur sports organization, a high-performance management organization, or a paralympic sports organization that files an application and is eligible for such certification under section 220522; and

(2)  may not certify more than 1 national governing body.

(b) **Public Hearing**.—

Before certifying an organization as a national governing body, the corporation shall hold at least 2 public hearings on the application. The corporation shall publish notice of the time, place, and nature of the hearings. Publication shall be

made in a regular issue of the corporation's principal publication at least 30 days, but not more than 60 days, before the date of the hearings. The corporation shall send written notice, which shall include a copy of the application, at least 30 days prior to the date of any such public hearing to all amateur sports organizations known to the corporation in that sport."

17.    In other words, 26 U.S.C. § 220521 requires, among other things, that in order for the USOPC to name a "national governing body" in connection with a given sport, that sport must be included "on the program of the Olympic Games, the Paralympic Games, the Pan-American Games, or the Parapan American Games."

18.    Neither tackle football nor flag football are, as of this time, believed to be "on the program of the Olympic Games, the Paralympic Games, the Pan-American Games, or the Parapan American Games."  See **Exhibits 27-30**, attached hereto (and image immediately below).   Thus, on information and belief, USA Football is not presently even eligible to be named the "national governing body" for football and has not previously been so eligible.   Accordingly, USA Football repeatedly asserting and representing that it is the "national governing body" or the like for football, including flag football, in the United States, and describing itself as the same, is incorrect, inaccurate, false, deceptive, and/or misleading, and to the best of Plaintiff's knowledge it/they has/have never heretofore been correct, accurate, true, or forthright.



19.     Title 36 U.S.C. § 220522 sets forth the requirements to be certified as a sport's "national governing body."  According to 36 U.S.C. § 220522, such requirements include, in part, (a) submitting an application, in the form required by the USOPC, for certification as a national governing body and (b) demonstrating that its membership is open to any individual who is an amateur athlete, coach, trainer, manager, administrator, or official active in the sport for which certification is sought, or any amateur sports organization that conducts programs in the sport for which certification is sought, or both.

20.     In other words, to become a "national governing body" for a sport, a compliant application must be submitted and a requirement must be met that the applicant (hypothetically, USA Football) would be open to the membership of "any individual who is an amateur athlete, coach, trainer, manager, administrator, or official active in the sport for which certification is sought, or any amateur sports organization

that conducts programs in the sport for which certification is sought, or both;" although, in the case of Plaintiffs, it is unclear to doubtful if USA Football could accurately make such a representation.

21.     In addition, even if, hypothetically, USA Football were to file such an application for national governing body status, it would then be subject to "at least 2 public hearings on the application."  And, the USOPC would then be required to publish notice of the hearing in a regular issue of the USOPC's principal publication.  To the best of Plaintiffs' knowledge, such published notice has never taken place regarding  a national governing body application by USA Football.  In other words, Plaintiffs are unaware of any indication that USA Football has ever even applied for national governing body status, despite already claiming it is the "national governing body" for football, including flag football, in the United States.

22.     Furthermore, even if, hypothetically, USA Football were to file such an application for national governing body status, the USOPC would also have to send "written notice, which shall include a copy of the application, at least 30 days prior to the date of any such public hearing to all amateur sports organizations known to the corporation in that sport."  Plaintiffs firmly believe that they are known to the USOPC in the sport of flag football; yet, Plaintiffs have never received any written notice that USA Football has ever applied for national governing body status, or a copy of any such application, despite USA Football already claiming it is the national governing body for football, including flag football, in the United States.

23.     USA Football's repeated statements, descriptions, and/or representations that it is "national governing body" or "the sport's national governing body" or the like in

connection with football, including flag football, is/are incorrect, inaccurate, false, deceptive, and/or misleading, and to the best of Plaintiff's knowledge it/they has/have never been correct, accurate, true, or forthright.

24.     Plaintiff firmly believes that USA Football is making such representations to increase contributions to its organization from entities such as the NFL and/or the NFL Foundation, particularly in connection with flag football, which is becoming increasingly popular and may become an Olympic sport in 2028, and to deprive entities such as FFWCT and USA Flag from receiving such contributions, even though FFWCT and USA Flag are far better at staging and operating flag football camps, events, tournaments, and the like than USA Football.  USA Football's false, deceptive, and/or misleading statements, representations, and descriptions have worked to USA Football's benefit, including financial benefit, and Plaintiff's detriment, both in terms of status in the sport of flag football (in the eyes of the USOPC and NFL, among others), as well as financially.

25.     As a general matter, the representatives of FFWCT and/or USA Flag, including Mr. Burnett, regularly hear from organizations and sponsors in and around the flag football industry that FFWCT and USA Flag are inferior to or below USA Football because USA Football has incorrectly, inaccurately, falsely, deceptively, and/or misleadingly proclaimed to the industry and the world that it is the national governing body for football, including flag football, in the United States, whereas FFWCT and USA Flag do not make such representations.  USA Football's incorrect, inaccurate, false, deceptive, and/or misleading proclamations to organizations and sponsors and others in

and around the flag football industry, as well as to the public, has resulted in a devaluation of Plaintiffs' entire *raison d'etre*.

26.     At least as early as approximately 2017, Plaintiffs sought to pursue "national governing body" status for flag football in the United States.

27.     Within the past several years, when Plaintiffs have attempted to work with USA Football to further the sport of flag football and ensure that it becomes an Olympic sport in 2028, shockingly, USA Football has demanded that Plaintiffs not make any such references to pursuing national governing body status or the like, and has tried to force Plaintiffs to agree that USA Football is the national governing body for football, including flag football, in the United States (even though Plaintiffs' agreement or lack thereof to such an assertion does not change the actual fact that USA Football has never been and presently is not the national governing body for football, including flag football, in the United States.

28.     Plaintiffs have contacted the NFL Foundation concerning collaborating or working in conjunction with one another to promote flag football, and personnel from the NFL Foundation directly informed Plaintiffs that the NFL Foundation only works with the sport's "national governing body," which led the NFL Foundation to form a relationship with USA Football and impressively fund USA Football, to the detriment of Plaintiffs, particularly where USA Football's claim to "national governing body" status for football, including flag football, in the United States is incorrect, inaccurate, false, deceptive, and/or misleading.

29.     In fact, Plaintiffs had a substantial amount of communications with the NFL Operations team in and during 2022, which reached the point in the discussions in

November of 2022 where a contract to fund Plaintiff USA Flag to the tune of several million dollars per year appeared in reach for Plaintiffs.  Yet, the NFL Operations team pivoted and informed Plaintiffs that because of Defendant USA Football's purported status as the national governing body for football, including flag football, in the United States, USA Football was the necessary party to such a contract and that the NFL could not work with Plaintiffs in the same capacity.  Plaintiffs' imminent deal with the NFL Operations team is firmly believed to have fallen apart specifically because of USA Football's incorrect, inaccurate, false, deceptive, and/or misleading proclamations to organizations and sponsors and others in and around the flag football industry and the world that it was and is the national governing body for football, including flag football, in the United States.  As a result, Plaintiffs were deprived of a lucrative deal they firmly believe they would have received given their proficiency in running flag football tournaments, camps, and the like.

30.    As a result of USA Football's pressure tactics (based on its incorrect, inaccurate, false, deceptive, and/or misleading proclamation to the industry and the world that it is the national governing body for football, including flag football, in the United States) and other false and/or misleading representations, descriptions, and/or statements as detailed herein, however, Plaintiffs have altered their business model, to their detriment, in order to direct resources towards building its business as opposed to incurring legal fees and costs to fight USA Football's false, deceptive, and/or misleading statements, descriptions, and/or representations about national governing body status for football, including flag football, in the United States.

31.     USA Football's repeated bullying of Plaintiffs, however, has reached a boiling point, and has forced Plaintiffs to deal with USA Football's improper conduct and tactics head on.

## IV.  CAUSES OF ACTION

**Count 1 – False or Misleading Representation of Fact – 15 U.S.C. § 1125(a)**

32.     The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

33.     Defendant USA Football claims its purpose and services is/are "to lead, strengthen and grow the game alongside you through education, events and the U.S. National Team pathway" in connection with football.  In a recent press release (March 21, 2023), it stated about itself:

> "About USA Football: USA Football designs and delivers premier educational, developmental and competitive programs to advance and grow the sport. As the sport's governing body, member of the U.S. Olympic Committee and organizer of the U.S. National Team for international competition, USA Football partners with leaders in medicine, child advocacy and athletics to support positive football experiences for youth, high school and other amateur players."

34.     While USA Football's recitation of its purpose and services in connection with football may be accurate, USA Football's representation that it is "the sport's

governing body" or the "national governing body" for football, including flag football, is false and/or misleading.  USA Football is not the national governing body for football, including flag football, in the United States.

35.    USA Football has repeatedly made its false and/or misleading representation that it is "the sport's governing body" or the "national governing body" for football, including flag football, in public, in interstate commerce, through its press releases.

36.    For purposes of generating publicity, raising money, and otherwise increasing revenues, USA Football publicly advertises and promotes that it is the national governing body for football, including flag football, in the United States on its websites, in press releases, and elsewhere.

37.    Defendant's representations in this regard are false and/or misrepresent its identity and status within football in the U.S. because Defendant is not the U.S. national governing body for football, particularly flag football.   Defendant is neither presently (nor was it previously) eligible to become the national governing body for football, including flag football, and even if it were, it has not completed the statutory process set forth for becoming a national governing body as designated by the USOPC.  Defendant's representations falsely and/or misleadingly inform or suggest to the relevant consuming public, advertisers, and other stakeholders that Defendant has a status and designation in the football and flag football industries that is very prestigious and exclusive when it does not have such a status or designation and in fact cannot presently have such a status or designation.  For other entities such as Plaintiffs seeking to be recognized in the sport and involved in the standards development and establishment of flag football as an

Olympic sport, and to potentially pursue national governing body status for themselves, Defendant's false and/or misleading representation that it is the national governing body for football, including flag football, is material to advertisers' and stakeholders' decision-making in terms of doing business with entities such as Plaintiffs.  Thus, Defendant's false and/or misleading representation of fact has the effect of confusing, deceiving, and/or causing to be mistaken the relevant consuming public, advertisers, and other stakeholders about the true status and identify of Defendant in relation to the absence of a national governing body for football, especially flag football, in the U.S.  As a result, the relevant consuming public, advertisers, and other stakeholders are being caused to make decisions about funding and advertising that they may or would not normally make if they possessed true, accurate, and non-misleading information vis-à-vis USA Football's lack of national governing body status in the U.S. for football, including flag football.

38.    As a result of Defendant's false and/or misleading representation, Plaintiffs are entitled to recover their damages and/or Defendants' ill-gotten gains as available under the Lanham Act.

39.    Because Defendant's unlawful acts have been committed willfully and intentionally, knowing that it is not the national governing body for football, including flag football, in the U.S. despite repeatedly representing to the consuming public in the U.S. that it has such status, damages should be trebled, and the Court should find that this is an exceptional case such that Plaintiffs are entitled to recover its attorneys' fees, costs, and expenses associated with this action.

40.    By reason of Defendant's knowingly and intentionally false and/or misleading representation of fact, Plaintiffs have suffered and will continue to suffer

irreparable injury unless and until this Court enters an order enjoining Defendant from any further false and/or misleading representation of fact stating or suggesting that it is the U.S. national governing body for football, including flag football, when it is not. Defendant's continuing acts of knowingly and intentionally false and/or misleading representation of fact, unless enjoined, will cause irreparable damage to Plaintiffs in that they will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiffs will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts.   Plaintiffs are therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant and those in concert with Defendant and those directing the unlawful conduct, including, but not limited to, on information and belief, Defendant's CEO, Scott Hallenbeck.

### Count 2 – False or Misleading Description of Fact – 15 U.S.C. § 1125(a)

41.    The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

42.    While USA Football's recitation of its purpose and services in connection with football may be accurate, USA Football's descriptive statement that it is "the sport's governing body" (or similar statements) is false and/or misleading.  USA Football is not the national governing body for football, including flag football, in the United States.

43.    USA Football has repeatedly made its false and/or misleading description that it is "the sport's governing body" (or the like) in public, in interstate commerce, through its press releases.

44.    For purposes of generating publicity, raising money, and otherwise increasing revenues, USA Football publicly advertises and promotes that it is the national governing body for football, including flag football, in the United States on its websites, in press releases, and elsewhere.

45.    Defendant's description is false and/or misrepresents its identity and status within football in the U.S. because Defendant is not the U.S. national governing body for football, particularly flag football.   Defendant is neither presently (nor was it previously) eligible to become the national governing body for football, including flag football, and even if it were, it has not completed the statutory process set forth for becoming a national governing body as designated by the USOPC.   Defendant's description falsely and/or misleadingly informs or at least suggests to the relevant consuming public, advertisers, and other stakeholders that Defendant has a status and designation that is very prestigious and exclusive when it does not have such a status or designation and in fact cannot presently have such a status or designation.   For other entities such as Plaintiffs seeking to be recognized in the sport and involved in the standards development and establishment of flag football as an Olympic sport, and to potentially pursue national governing body status for itself, Defendant's false and/or misleading description that it is the national governing body for football, including flag football, is material to advertisers' and stakeholders' decision-making in terms of doing business with entities such as Plaintiffs.   Thus, Defendant's false and/or misleading description of fact has the effect of confusing, deceiving, and/or causing to be mistaken the relevant consuming public, advertisers, and other stakeholders about the true status and identify of

Defendant in relation to the absence of a national governing body for football, including flag football, in the U.S.

46.     As a result of Defendant's false and/or misleading description, Plaintiffs are entitled to recover their damages and/or Defendants' ill-gotten gains as available under the Lanham Act.

47.     Because Defendant's acts have been committed willfully and intentionally, knowing that it is not the national governing body for football, including flag football, in the U.S. despite repeatedly representing to the consuming public in the U.S. that it has such status, damages should be trebled, and the Court should find that this is an exceptional case such that Plaintiffs are entitled to recover its attorneys' fees, costs, and expenses associated with this action.

48.     By reason of Defendant's knowingly and intentionally false and/or misleading description of fact, Plaintiffs have suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further false and/or misleading description of fact stating or suggesting that it is the U.S. national governing body for football, including flag football, when it is not. Defendant's continuing acts of knowingly and intentionally false and/or misleading description of fact, unless enjoined, will cause irreparable damage to Plaintiffs in that they will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiffs will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts.   Plaintiffs are therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant

and those in concert with Defendant and those directing the unlawful conduct, including, but not limited to, on information and belief, Defendant's CEO, Scott Hallenbeck.

**Count 3 – Unfair Competition under the Lanham Act – 15 U.S.C. § 1125(a)**

49.     The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

50.     Defendant's false and/or misleading representation(s) and description(s) of fact that it is (when it, in fact, is not) the national governing body for football, including flag football, in the U.S. are detailed above.

51.     Defendants' aforesaid acts, and each of them, constitute unfair competition in violation of 15 U.S.C. 1125(a).   Defendant has undertaken such acts willfully, intentionally, and without regard to the truth or the rights of others, including Plaintiffs.

52.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendant has wrongfully taken Plaintiffs' profits and the benefit of its creativity and investment of time, energy, and money, and have similar injured Plaintiffs' reputation and standing in the relevant industry by claiming to have a status and position that it does not, but that is only available to one entity and, on information and belief has not been granted as of this time, thus confusing, deceiving, and/or misleading the relevant consuming public not only about its status, but about Plaintiffs not having or being eligible to have such status.   Defendant should therefore disgorge all profits, income, and financial gains they have received based on their false and/or misleading representation(s) and description(s), and further should be ordered to perform full restitution to Plaintiffs as a consequence of its unfairly competitive activities, including

all costs related to reputation restoration and corrective information dissemination by a qualified professional in that field. Defendant is also liable for any incidental, consequential, or other monetary damages proximately caused by its unfairly competitive activities.

53.    By reason of Defendant's acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition. Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiffs in that they will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiffs will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiffs adequate relief. Plaintiffs are therefore entitled to a preliminary injunction and a permanent injunction against further unfairly competitive conduct by Defendant and those in concert with Defendant and those directing the unfairly competitive conduct, including, but not limited to, on information and belief, Defendant's CEO, Scott Hallenbeck.

54.    Because Defendant's actions have been willful, intentional, and egregious, this is an exceptional case that entitles Plaintiffs to recovery of their attorneys' fees and costs.

## V.    **PRAYER**

For the reasons stated above, Plaintiffs FFWCT, LLC, USA Flag, LLC, and Travis Burnett ("Plaintiffs") pray that it may have judgment in its favor and against the Defendant USA Football, Inc. as follows:

(1)     For an order preliminarily and permanently enjoining Defendant, and its officers, directors, employees, agents, servants, representatives, contractors, and attorneys, and all other persons acting in concert with them, from committing any further acts of false and/or misleading representation of fact, false and/or misleading statement of fact, and unfair competition as detailed herein;

(2)     For an order directing Defendant to file with this Court and to serve on the Plaintiffs within thirty (30) days after service on Defendant of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with (and intends to continue to comply with) the injunction and order of the Court;

(3)     For a judgment that Defendant has willfully and intentionally disseminated one or more false and/or misleading representations of fact and false and/or misleading descriptions of fact, and willfully and intentionally committed acts of unfair competition;

(4)     For a judgment requiring Defendant to account to Plaintiffs for, and to pay Plaintiffs, all profits derived by Defendant from their false, misleading, deceptive, and unfairly competitive acts, as well as damages and lost profits of the Plaintiffs, costs of corrective advertising, reputation restoration, and the like for the benefit of Plaintiffs;

(5)     For a judgment requiring Defendant to pay for all damages Plaintiffs have suffered by virtue of Defendant's false, misleading, and unfairly

competitive activities, to be trebled because Defendant's unlawful actions were committed willfully and intentionally;

(6)     For Plaintiffs' reasonable attorney's fees, costs, and expenses incurred in prosecuting this case based on a finding of the Court that this is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a)(3);

(7)     Pre-judgment interest at the highest rate allowed by law;

(8)     Post-judgment interest at the highest rate allowed by law;

(9)     The award of all costs; and,

(10)   All further relief to which it may be justly entitled.


Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date:  May 22, 2023          By:    /s/ Mark D. Nielsen
                                    **Mark D. Nielsen**
                                    Texas Bar No. 24062361
                                    Mark.Nielsen@solidcounsel.com
                                    2600 Network Blvd., Suite 400
                                    Frisco, Texas 75034
                                    (214) 472-2100 Telephone
                                    (214) 472-2150 Fax

                                    **Anna Rebecca Skupin**
                                    Texas Bar No. 24084272
                                    Becca.Skupin@solidcounsel.com
                                    200 N. Travis Street, Suite 402
                                    Sherman, Texas 75201
                                    (430) 262-5660 Telephone
                                    (430) 262-5661 Fax

                                    **ATTORNEYS FOR PLAINTIFFS FFWCT, LLC, USA FLAG, LLC, AND TRAVIS BURNETT**

## DEMAND FOR JURY TRIAL

For the reasons stated above, Plaintiffs FFWCT, LLC, USA Flag, LLC, and Travis Burnett hereby demand a trial by jury on all issues raised by the Complaint that are triable by jury.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date:  May 22, 2023          By:      */s/ Mark D. Nielsen*

**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

**Anna Rebecca Skupin**
Texas Bar No. 24084272
Becca.Skupin@solidcounsel.com
200 N. Travis Street, Suite 402
Sherman, Texas 75201
(430) 262-5660 Telephone
(430) 262-5661 Fax

**ATTORNEYS FOR PLAINTIFFS
FFWCT, LLC, USA FLAG, LLC, AND
TRAVIS BURNETT**