IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FFWCT, LLC; USA FLAG, LLC; AND TRAVIS BURNETT, | § § § | |
| Plaintiffs, | § § § | Civil Action Nos. 4:23-cv-00465-ALM and 4:23-cv-00516-ALM |
| v. | § § | |
| USA FOOTBALL, INC., | § § | |
| Defendant. | § § | |

**FFWCT, LLC'S, USA FLAG, LLC'S, AND TRAVIS BURNETT'S REPLY TO USA FOOTBALL, INC.'S RESPONSE TO THE FFWCT PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON USA FOOTBALL'S CLAIM FOR DAMAGES**

**I.     INTRODUCTION**

Despite being legally obligated to do so, and despite being asked to do so in discovery, it is undisputed that USA Football ("USAFB") did not provide any *computation* or *calculation* of its claimed damages in this litigation.  USAFB's efforts to substantially justify its non-disclosure, or show that its non-disclosure was harmless, are tortured and misguided and essentially amount to: (1) Defendants FFWCT, LLC, USA Flag, LLC, and Travis Burnett (hereafter the "FFWCT Parties") already had the computation they seek and (2) USAFB does not need to provide it anyways.  Neither point acknowledges the discovery rules and neither point is accurate.  Therefore, the Court should grant the FFWCT Parties' motion.

**II.     REPLY RE: RESPONSE TO STATEMENT OF UNDISPUTED FACTS**

1.     Undisputed.

2.     USAFB's dispute to this fact is not genuine.  Fed.R.Civ.P. 26(a)(1)(A)(iii) does not require a *list* of the categories of damages the disclosing party might seek, but "a **computation** of

1

each category of damages claimed by the disclosing party" (emphasis added).  USAFB does not dispute that it did not provide a computation with any of its Rule 26(a) Disclosures in this case.

3. Same reply as for Undisputed Fact No. 2.

4. Same reply as for Undisputed Fact No. 2.  In addition, USAFB admitted that the FFWCT Parties produced its financial information on January 8, 2024 and February 16, 2024.  Dkt. 70 at 3 n.1.  Even so, more than two (2) months after such production, USAFB still did not provide any computations of its claimed damages.  Dkt. 59-5 at 6 therein.

5. The FFWCT Parties inadvertently mis-referenced the exhibit, which is at Dkt. 59-3, Topic 5 and the highlighted portion of Topic 12.

6. USAFB's dispute to this fact is not genuine.  It is undisputed USAFB's witness was not prepared to testify on Topic 5 or the highlighted portion of Topic 12 in Dkt. 59-3.  Rule 30(b)(6) requires a witness to be prepared as to the topics in the notice.  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433-34 (5th Cir. 2006).  An unprepared 30(b)(6) witness may warrant sanctions.  *Id.*; *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993); *Function Media, LLC v. Google, Inc.*, No. 2:07–CV–279–CE, 2010 WL 276093, at *1-3 (E.D. Tex. Jan. 15, 2010) (unprepared 30(b)(6) witness resulted in evidence sanctions); *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *3-4 (11th Cir. Aug. 2, 2022) (motion to strike damages claim granted for failure to provide Rule 26(a)(1)(A)(iii) computation affirmed).  Here, the witness admitted that USAFB's Rule 26(a) disclosures lacked any computation and that no documents were referenced to support any computation.  Dkt. 59-4 at 41:8-42:8.  The witness further admitted that she had no calculation of the FFWCT Parties' profits.  *Id.* at 84:10-85:2.  The questions did not ask for a legal opinion on damages or a legal conclusion from the witness.  The witness could have read a computation in a Rule 26(a) Disclosure document, if it existed, into the record, or affirmed that a computation in the Disclosures or otherwise represented USAFB's

position. This failure to prepare had no justification because the 30(b)(6) deposition occurred approximately 7 weeks *after* the FFWCT Parties produced their financial documents in the case. Dkt. 70 at 3 n.1; *see also* Dkt. 73-7 at Attachment C-3 (filed under seal).

7. USAFB's dispute to this fact is not genuine. Even in its Supplemental Initial Disclosures served on April 26, 2024 (the last day of discovery), USAFB still did not provide any computations of damages or identify documents that would support its damages claim.

### III.   REPLY RE: STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

- <u>First Bullet Point on Dkt. 70, p. 3</u> – This is not disputed, but USAFB's asserted fact is not material because (a) there is no exception or exemption in Rule 26(a) or elsewhere if the category of damages is disgorgement, and (b) USAFB asked for multiple types of damages in its Complaint (Dkt. 1 in 4:23-cv-516 case at ¶¶ 51, 52, 62, 74, 85, 90, 95, 105, 106), which makes the computation for "each category of damages claimed" even more necessary.

- <u>Second Bullet Point on Dkt. 70, p. 3</u> – This is not disputed, but USAFB's asserted fact is not material because Fed.R.Civ.P. 26(a)(1)(A)(iii) does not mandate disclosing merely a list of the categories of damages sought, but "a computation" of each category of damages claimed.

- <u>Third Bullet Point on Dkt. 70, p. 3</u> – This is not disputed, but USAFB's asserted fact is not material because USAFB admits that the FFWCT Parties produced their financials on January 8, 2024 and February 16, 2024 (Dkt. 70 at 3 n.1). Yet, USAFB still did not provide any computations of damages even in its April 26, 2024 supplemental disclosures. Dkt. 59-5 at 6.

- <u>First Bullet Point on Dkt</u>. 70, p. 4 – This is not disputed, but USAFB's asserted fact is not material because USAFB did not provide information responsive to the interrogatory, even after a meet and confer that included Interrogatory No. 7. Dkt. 70-2 at p. 7-8 therein (Interrogatory No. 7); *see also* Declaration of Mark D. Nielsen (submitted concurrently herewith) (hereafter "Nielsen Decl.") at ¶ 4-6 and Exhs. 1 and 2. If anything, this additional discovery deficiency

highlights the obfuscation and gamesmanship from USAFB and buttresses the FFWCT Parties' assertion that USAFB's non-disclosure is neither substantially justified nor harmless. It is baseless and highly prejudicial, as will be shown below in greater detail.

## IV. ARGUMENT

USAFB has failed to demonstrate the existence of a genuine dispute of material fact that renders its failure to disclose (and related discovery failures) substantially justified and harmless.

### A. USAFB's Failure to Provide Any Computation or Calculation of its Claimed Damages Violates Discovery Rules and is not Substantially Justified

Fed.R.Civ.P. 26(a)(1)(A)(iii) states:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> …
>
> (iii) a computation of **each** category of damages **claimed** by the disclosing party—who must **also** make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Fed.R.Civ.P. 26(a)(1)(A)(iii) (emphasis added).

A computation for **"each"** category of damages "**claimed**" by the disclosing party is required and Fed.R.Civ.P. 26(a)(1)(A)(iii) does not contain an exception where the remedy is disgorgement. Also, whether or not documents are in the possession of the non-disclosing party does not satisfy the requirement to disclose a computation because Fed.R.Civ.P. 26(a)(1)(A)(iii) "**also**" requires a party claiming damages to make documents on which each computation is based available for inspection and copying. The computation and the documents are not in the disjunctive, but conjunctive. Therefore, USAFB's assertion that the FFWCT Parties already had the documents containing the information is a non-starter because USAFB still failed to provide

4

any computation of any damages.  Additionally, there is no exemption in Fed.R.Civ.P. 26(a)(1)(**B**) based on disgorgement being the remedy, or based on documents already being in the possession of the non-disclosing party, which would justify non-compliance with the disclosure requirements in Rule 26(a)(1)(A)(iii).

Furthermore, as noted above, FFWCT served an interrogatory on USAFB seeking damages calculations.  Dkt. 70-2 at p. 7-8 therein (Interrogatory No. 7).  USAFB's original "response" to Interrogatory No. 7 lacked a "calculation" and *after* a meet and confer that addressed that very interrogatory, USAFB served a "supplemental response" that still lacked a "calculation."  Nielsen Decl. at ¶ 4-6 and Exhs. 1 (p. 3 therein) and 2 (re: Interrogatory No. 7).

Even if USAFB did not have sufficient financial information from the FFWCT Parties when USAFB served its supplemental response to Interrogatory No. 7 on December 15, 2023, USAFB is still not absolved of its discovery failures because Fed.R.Civ.P. 26(e) requires a party to timely supplement its disclosures and interrogatory responses when it learns that its disclosures or responses are incomplete:

> (1) *In General.* A party who has made **a disclosure under Rule 26(a)**—**or who has responded to an interrogatory** … **must supplement or correct its disclosure or response**:
>
> (A) **in a timely manner if the party learns that in some material respect the disclosure or response is incomplete** or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing … .

Fed.R.Civ.P. 26(e)(1)(A) (emphasis added).

USAFB admits it received detailed financial disclosures from the FFWCT Parties on January 8, 2024 and February 16, 2024.  Dkt. 70 at 3 n.1.  Yet, USAFB ignored Fed.R.Civ.P. 26(e)(1)(A) and never supplemented either its Rule 26(a) Disclosures to provide a "computation" or its response to Interrogatory No. 7 to provide a "calculation."  Similarly, USAFB did not

otherwise make any computation or calculation known to the FFWCT Parties during discovery or in writing (as the government did at p. 1255 in the *RaPower3* case cited by USAFB).

Lastly, USAFB relies upon law allocating the burden of proof on disgorgement to avoid its discovery obligations. In other words, because, so USAFB claims, it is the plaintiff's burden to show gross revenues and then the burden shifts to the defendant to show deductible costs, USAFB had no obligation whatsoever to provide any computations or calculations related to disgorgement (or any other type of damages). This approach contravenes the broad scope of discovery. *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021); *Vine v. PLS Financial Services, Inc.*, No. 4:18-CV-00450-ALM, 2020 WL 408983, at *6 (E.D. Tex. Jan. 24, 2020) (referring to "[t]he liberal discovery procedure provided by the federal rules allows counsel for all parties to an action to be prepared for trial on all factual issues").

The case law relied upon by USAFB also conflicts with Fifth Circuit Pattern Jury Instruction 14.25 (linked to from this Court's website – see "Federal Pattern Jury Instructions" tab at https://www.txed.uscourts.gov/?q=rules-and-orders. Instruction 14.25 states, *inter alia*:

> Plaintiff's burden is to prove, by a preponderance of the evidence, Defendant's individual sales of the product bearing the infringing trademark. **It also is Plaintiff's burden** to prove, by a preponderance of the evidence, the amount of profits attributable to Defendant's unlawful use of its mark. [footnote 83] Defendant then has the burden to prove by a preponderance of the evidence any costs or deductions that it believes must be deducted to calculate its net profits.

Fifth Circuit Pattern Jury Instruction 14.25 (2024) (emphasis added) (located at https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/2024Civil_Ch14_Trademarks.pdf).

Based on the foregoing, USAFB failed to provide any computations of damages as required by Rule 26 or any calculation of damages responsive to FFWCT's Interrogatory No. 7, and discovery has been closed for two (2) months. USAFB's failure is not "substantially justified."

6

### B.     USAFB's Non-Disclosure Harmed and Prejudiced the FFWCT Parties

The FFWCT Parties will suffer harm because of USAFB's failure to provide any damages computation under Rule 26(a)(1)(A)(iii) or otherwise.  This failure undermines the fairness of the proceedings and harms the FFWCT Parties' ability to adequately prepare their defense.

The Second Circuit noted the harm to an opposing party caused by a failure to provide the damages computation required by Rule 26 to be "especially troubling" where, *as here*, the aggrieved party also "specifically requested a calculation of damages."  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006), (at 297 – in connection with lost profits claim, "the District Court did not abuse its discretion in determining that sanctions, including severe sanctions, were warranted for Design's failure to abide by Rule 26(a)(1)(c)."); *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *3 (11th Cir. Aug. 2, 2022) (discussing harm to party where opponent fails to provide damages computations under Rule 26).

Whether USAFB has been clear about seeking disgorgement of profits is irrelevant to the harm caused by USAFB's failure to timely disclose a damages computation.  The FFWCT Parties' financial records alone are no substitute for a damages computation from USAFB to put the FFWCT Parties on notice of which sales will be used to support disgorgement.

It is USAFB's burden to prove the amount of profits resulting from the alleged infringement.  15 U.S.C. § 1117(a); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 337 (5th Cir. 2008); Fifth Circuit Pattern Jury Instruction 14.25.  It is also USAFB's burden to prove, by a preponderance of the evidence, the individual sales of the services bearing the allegedly infringing trademark.  Fifth Circuit Pattern Jury Instruction 14.25. It is further USAFB's burden to prove the amount of profits attributable to USA Flag's unlawful use of its mark.  *Id*.; *see also Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 554-55 (5th Cir. 1998).

By failing to provide any damages computations or calculations, USAFB cannot meet these

burdens. Instead, USAFB generically points to the FFWCT Parties' financials dating as far back as January 2016 (outside any applicable statute of limitations) to apparently argue that such documents provide the computation required by Rule 26(a)(1)(A)(iii). Dkt. 71 at Exhibit 1-B through 1-I (filed under seal). Generic references to the FFWCT Parties' financial statements, however, are anything but a computation of damages especially where USAFB alleged that use of the allegedly infringing mark began in 2019 or 2020 or 2022. Dkt. 1 in '516 Action at ¶ 26, 32.

The FFWCT Parties began using the USA FLAG mark in commerce in October of 2019. Dkt. 75-9. From 2020 to 2022, the FFWCT Parties largely still operated tournaments as FFWCT and maintained its website under the FFWCT brand, and the website and tournaments were not fully rebranded until ca. September 2022. Dkt. 1 in '516 Action at ¶ 32; Nielsen Decl. at Exhs. 3 (Davis Dep. at 182:21-183:7) (Filed Under Seal) and 4 (Burnett Dep. at 363:1-19) (Filed Under Seal). As such, the sales information referenced by USAFB does not accurately compute the sales attributable to the alleged infringement. And, USAFB made no effort to attribute any sales to the alleged infringement despite it being their burden to do so. *Pebble Beach*, 155 F.3d at 554-55; Fifth Circuit Pattern Jury Instruction 14.25.

Thus, USAFB's omission leaves the FFWCT Parties at a distinct disadvantage. Preparing for trial without having any clear idea of the amount of damages USAFB will seek, or how they are computed, is unfair and prejudicial. It will require the FFWCT Parties to expend additional resources to anticipate all possible calculations and assumptions USAFB *might* make. This uncertainty hampers the FFWCT Parties' ability to make strategic defense decisions as it prepares for trial, which is contrary to the principles of fair play and substantial justice enshrined in the Federal Rules of Civil Procedure.

In its Response, USAFB relies on *WMS Gaming Inc. v. WPC Productions Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008), for the proposition that it is a defendant's burden to prove which revenues

are not attributable to infringement.[1]  Reliance on *WMS* is misguided.  *WMS* was decided in the context of a defaulting defendant, where there was no evidence presented to suggest that there were non-infringing sales.  *WMS Gaming Inc.,* 542 F.3d at 609.  Conversely, as noted above, USAFB knew that FFWCT had non-USA FLAG branded sales well into 2022.  Even so, USAFB continues to generically reference the FFWCT Parties' financials and presume that doing so is sufficient to put the FFWCT Parties on notice of the sales it will rely upon at trial to prove damages.  This is insufficient and it is harmful and prejudicial to the FFWCT Parties.

USAFB cites *United States v. RaPower-3, LLC*, 960 F.3d 1240, 1254 (10th Cir. 2020), for the proposition that USAFB did not have to provide a computation of damages because the information was already in the possession of the FFWCT Parties.  *RaPower3*, however, stands for something different.  In *RaPower3*, the government provided computations of damages based on the information it had.  The Court noted that based on even the limited information provided by the Defendants, "[t]he government was reasonably forthcoming."  *Id*.  The Defendants complained of a lack of a detailed damages computation, but their failure to produce sufficient financial records required a motion to compel by the government.  *Id*.  Thereafter, in the context of a motion to freeze assets, the government otherwise made known to Defendants the damages sought.  *Id*. at 1255.  *USA Football has done no such things here*.  And, because USA Football had financial information from the FFWCT Parties (Dkt. 70 at 3 n.1; Dkt. 73-7 at Attachment C-3), it should have provided a damages computation as the government in *RaPower3* did.  Thus, *RaPower3* actually supports the FFWCT Parties, not USAFB.

Similarly, in *BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-866, 2020 WL 6781516 (E.D.

---

[1] This directly contradicts the Fifth Circuit's pattern jury charge, which places the burden to attribute infringing sales on the plaintiff, not the defendant. Fifth Circuit Pattern Jury Instruction 14.25.

Tex. Nov. 18, 2020), this Court found that BioTE's failure to disclose its damages calculation was because of Defendants' delay in providing sales data and that "it would be unreasonable to strike one party's evidence as tardy when the delay was caused by the movant." *BioTE Med., LLC*, 2020 WL 6781516, at *2. That is admittedly not the situation here. Dkt. 70 at 3 n.1. Instead, USAFB simply failed to comply with the Rules.

Moreover, the FFWCT Parties went further and sought a "detailed calculation" of USAFB's damages in Interrogatory No. 7, which, as noted above, has never received a fulsome response from USAFB.

For these reasons, despite significant efforts by the FFWCT Parties to secure damages computations, USAFB's failure to disclose any damages computations is harmful and prejudicial to the FFWCT Parties.

### C.     USAFB Failed to Disclose Computations for Other Categories of Damages

In addition to disgorgement, USAFB apparently seeks actual and other damages related to its claims for trademark infringement and unfair competition (Dkt. 1 in '516 Matter at ¶¶ 51-52, 60-62, 73-75), contributory and vicarious liability against Travis Burnett (*Id*. at ¶¶ 83-85), unjust enrichment (*Id*. at ¶ 90), conversion (*Id*. at ¶ 95), and the Indiana Crime Victims Relief Act (*Id*. at ¶¶ 105, 106). For these claims, USAFB similarly failed to provide *any* calculation for <u>any category of damages</u> per Rule 26(a)(1)(A)(iii). Instead, USAFB merely recited the categories of damages it might seek. Dkt. 59-5 at 6.

As discussed *supra* and in Dkt. 59, this "disclosure" is inadequate to put the FFWCT Parties on notice of any kind of damages, including their amounts, that USAFB might seek at trial. This is obfuscation, plain and simple. Discovery has been closed for over two (2) months and there is no genuine dispute of material fact that would preclude the Court from granting this Motion and ruling that USAFB cannot recover any damages in the '516 Matter.

## V. CONCLUSION

For the aforementioned reasons, the FFWCT Parties' motion for partial summary judgment should be granted.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date:  June 28, 2024

*/s/ Mark D. Nielsen*
**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
**Bryan Haynes**
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

**Michael C. Smith**
Texas Bar No. 18650410
Michael.Smith@solidcounsel.com
113 East Austin Street
Marshall, Texas 75670
(903) 938-8900 Telephone

**ATTORNEYS FOR FFWCT, LLC, USA FLAG, LLC, AND TRAVIS BURNETT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on June 28, 2024, a true and correct copy of the foregoing was electronically filed with the Court using the ECF system, which will send a notification of the filing via electronic mail to all counsel of record.

*/s/ Mark D. Nielsen*
Mark D. Nielsen