| | |
|---|---|
| **From:** | Anne Ricchiuto |
| **To:** | Mark Nielsen |
| **Cc:** | Amie Peele; PLG File Management; Louis T. Perry (louis.perry@faegredrinker.com); Gomez, David F. |
| **Subject:** | Flag litigation supplemental discovery responses |
| **Date:** | Friday, December 15, 2023 3:00:10 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 121523 USA FB First Supp Rog Responses to FFWCT.pdf |
| | 121523 USAFB First Rog Supp Responses to Burnett.pdf |
| | 121523 USA Football Supp Response to USA Flag Second Set of ROG .pdf |

**CAUTION: EXTERNAL EMAIL**

Mark,

Consistent with our agreement at our Nov. 30 meet and confer, attached are supplemental discovery responses to three sets of interrogatories. I have also made notes in red below as to each of the listed items.

We will follow up with supplements addressing the Rule 33(d) issue – I believe we both owe each other lists of produced documents that correspond to interrogatories for which that Rule was invoked.

**From:** Mark Nielsen <mark.nielsen@solidcounsel.com>
**Sent:** Monday, November 20, 2023 3:52 PM
**To:** Anne Ricchiuto <aricchiuto@peelelawgroup.com>
**Cc:** Amie Peele <apeele@peelelawgroup.com>; PLG File Management <plgfilemanagement@peelelawgroup.com>; Louis T. Perry (louis.perry@faegredrinker.com) <louis.perry@faegredrinker.com>; Gomez, David F. <david.gomez@faegredrinker.com>; Inman, Sara E. <sara.inman@faegredrinker.com>
**Subject:** USA Football cases

Dear Anne,

We write regarding USA Football's responses to Defendants' First and Second Sets of Discovery Requests. We reserve the right to raise other issues with USA Football's responses; but, for now, the deficiencies of interest are set forth below.

Regarding USA Football's General Objections, we simply ask that you all confirm that you are not withholding any documents and/or information based on those general objections. If you are, please let us know what you are withholding so that we may consider whether or not further discussion about the objections is warranted.

**Responses to Interrogatories (and, to the extent the same interrogatory was asked by more than one defendant, please treat this as if it is on behalf of all of them)**:

Please initially note that a party responding to interrogatories is under a duty to make a reasonable

inquiry to gather the necessary facts, and a party's failure to describe his efforts to obtain the information sought renders his responses insufficient. See, Fed.R.Civ.P. 26(g)(1); Continental Illinois Nat'l Bank & Trust Co. v. Caton, 136 F.R.D. 682, 684 (D. Kan. 1991); Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977); International Fertilizer & Chem. Corp. v. Brasileiro, 21 F.R.D. 193, 194 (S.D.N.Y. 1957); 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2177 at 323 (2d ed. 1994) (interrogatory answers sufficient "when the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper...."); 7 Moore's Federal Practice ¶¶ 33.100, 33.102[3] (3d ed.1996).

FFWCT Interrogatories 1 and 2: These have been supplemented.

USA Football's responses are superficial and incomplete.

A claim of acquired distinctiveness may be based on an applicant's ownership of one or more active prior registrations of the same mark on the Principal Register. 37 C.F.R. §2.41(a)(1); TMEP §1212.04. An applied-for mark is considered the same mark if it is the legal equivalent of the previously registered mark. In re Highlights for Children, Inc., 118 USPQ2d 1268, 1273-74 (TTAB 2016) (citing In re Dial-A-Mattress Operating Corp., 240 F.3d 1341, 1347, 57 USPQ2d 1807, 1812 (Fed. Cir. 2001)); TMEP § 1212.04(b); see also TMEP 1212.01.

To be legal equivalents, the applied-for mark must be indistinguishable from the previously registered mark or create the same, continuing commercial impression such that the consumer would consider them both to be the same mark. In re Highlights for Children, Inc., 118 USPQ2d at 1274, 1275 n.18 (citing In re Dial-A-Mattress Operating Corp., 240 F.3d at 1347, 57 USPQ2d at 1812)); In re Nielsen Bus. Media, Inc., 93 USPQ2d 1545, 1547 (TTAB 2010); TMEP §1212.04(b).

And, per TMEP 1212.01, in determining whether a mark has acquired distinctiveness, the evidence must be considered as a whole guided by the following factors: (1) association of the applied-for mark with a particular source by actual purchasers (typically measured by customer surveys); (2) length, degree, and exclusivity of use; (3) amount and manner of advertising; (4) amount of sales and number of customers; (5) intentional copying; and (6) unsolicited media coverage of the product embodying the mark. Converse, Inc. v. ITC, 909 F.3d 1110, 1120, 128 USPQ2d 1538, 1546 (Fed. Cir. 2018); City of London Distillery, Ltd., 2020 USPQ2d 11487, at *16 (quoting In re Snowizard, Inc., 129 USPQ2d 1001, 1005 (TTAB 2018)); In re Guaranteed Rate, Inc., 2020 USPQ2d 10869, at *2-3. "[N]o single factor is determinative." In re Steelbuilding.com, 415 F.3d at 1300, 75 USPQ2d at 1424. Rather, all factors are weighed together in light of all the circumstances to determine whether the mark has acquired distinctiveness. Id.

USA Football's responses are superficial and incomplete in that it merely asserts in each response that the marks are the same, but provides no basis for the sameness.

In addition, USA Football's responses do not provide any details as to the basis for the acquired distinctiveness.

Please supplement your responses accordingly or we will likely move the Court to compel further

responses.

<u>FFWCT Interrogatories 5 and 6</u>:  These have been supplemented.

Again, USA Football's responses are incomplete.

The responses do not provide a detailed basis for any goodwill in the USA FLAG and USA FLAG FOOTBALL marks.

The responses do not provide a detailed basis for how any alleged goodwill in the USA FLAG and USA FLAG FOOTBALL marks has been damaged by Defendants.

Please supplement your responses accordingly or we will likely move the Court to compel further responses.

<u>FFWCT Interrogatory 7</u>: This has been supplemented.

This interrogatory, in significant part, asks essentially what is required by Fed.R.Civ.P. 26(a)(1)(A)(iii). So, in addition to, or in conjunction with, supplementing USA Football's response to this interrogatory, request is made that USA Football also supplement its Rule 26(a)(1)(A)(iii) disclosure.

To refresh your recollection, USA Football's Rule 26(a)(1)(A)(iii) disclosure from 8.3.2023 states:

> USA Football is seeking recovery of all gains, profits, savings and advantages realized by Defendants from the use of USA FLAG or any name, word, mark, or designation confusingly similar thereto. Such information is in Defendants' custody and control at this time and will be ascertained during discovery.
>
> USA Football is seeking damages, including costs, disbursements, and attorney's fees owed to them by reason of Defendants' willful infringement of its marks.

This does not include any computation of any sort and requires supplementation.

As to USA Football's duplicative objection to the interrogatory, which is not a basis to withhold information anyways, a document request cannot ask for a calculation, so the duplicative objection is specious.

Furthermore, the interrogatory response is deficient because Defendants did not merely ask about the types or categories of damages, but also damages calculations.

Please supplement your response and your Rule 26(a)(1)(A)(iii) disclosures accordingly or we will likely move the Court to compel a further response/disclosure.

FFWCT Interrogatories 8 and 9: No. 8 has been supplemented.

The cryptic statement "any actual use of USA FLAG" requires supplementation, if any can even be provided in light of USA Football's other discovery responses indicating that it has no documents to show any use of the USA FLAG mark in commerce. Furthermore, the interrogatory asked for the basis for any common law rights, not simply a conclusory assertion that they somehow exist.

Given that this interrogatory is focused on the basis for all of USA Football's claims against Defendants, a supplemental response, especially as to the USA FLAG mark, but both marks, is required.

FFWCT Interrogatories 10 and 11 – Defendants' alleged actual knowledge of USA Football's prior use of the USA FLAG or USA FLAG FOOTBALL marks: These have been supplemented.

Again, USA Football's responses are incomplete inasmuch as they do not provide any factual basis that Defendants had any actual knowledge of USA Football's prior use of the USA FLAG or USA FLAG FOOTBALL marks before Defendants adopted the USA FLAG mark.

Communications and work performed are mentioned. What communications? What work? Who? What? Where? When?

Alleged plans by USA Football to use the USA FLAG and USA FLAG FOOTBALL marks is mentioned? What plans? When? What is the basis for this assertion.

The responses are conclusory assertions and nothing more.

Please supplement your responses accordingly or we will likely move the Court to compel further responses.

FFWCT Interrogatory 12: This has been supplemented.

Again, USA Football's response is superficial. There are no details on any "prior use." There are no details on the alleged timing.

Please supplement your response accordingly or we will likely move the Court to compel a further response.

FFWCT Interrogatory 13: This has been supplemented.

USA Football's "response" is non-responsive. If USA Football had customers and lost them, USA Football knows the customers it lost. The response needs to identify lost customers. USA Football asserted this in ¶ 74 of its complaint (loss of business), so the burden is on USA Football to identify any lost business and lost customers.

Please supplement your response accordingly or we will likely move the Court to compel a further

response.

FFWCT Interrogatory 14: This has been supplemented.

USA Football asserted that numerous trademarks were infringed by Defendants (see ¶ 15 (Exh. B) and ¶¶ 44-46; ¶ 15 (Exhs. A and B) and ¶¶ 66-69) and it is USA Football's burden to support such assertions.

Claiming that the interrogatory is overbroad or the like does not hold water because USA Football asserted the marks it asserted. Defendants are entitled to know the basis of USA Football's infringement claim against them as to each one of the asserted marks. Refusing to respond to this interrogatory is not acceptable.

Again, an objection that this interrogatory is duplicative with one or more document requests is a specious objection particularly where USA Football did not invoke Rule 33(d).

Similarly, the assertion that this is a premature contention interrogatory is not a valid objection given that we are nearing the end of fact discovery and we are simply asking USA Football the basis for its claims.

If USA Football cannot answer an interrogatory about what it alleged, we may need to bring this to the Court's attention via a motion to compel further responses or another type of motion (e.g., motion to exclude evidence, motion for summary judgment, and/or a Rule 11 motion).

Burnett Interrogatory 1: This has been supplemented.

USA Football's response makes reference to "work product." What "work product"? USA Football's response fails to provide any information concerning the details (even who, what, where, when) of such "work product." There is no reference concerning any work product related to USA FLAG and USA FLAG FOOTBALL as brands.

Please supplement your response accordingly or we will likely move the Court to compel a further response.

Burnett Interrogatory 3: This has been supplemented.

Again, USA Football's response fails to identify any pertinent information, if any, that was obtained by Burnett. There are no details as to the who, what, where, when, why, and how of any such pertinent information that Burnett allegedly acquired, in particular, as the USA FLAG and USA FLAG FOOTBALL as brands.

Please supplement your response accordingly or we will likely move the Court to compel a further response.

Burnett Rog 14: This has been supplemented.

USA Football's response to this interrogatory is again conclusory and superficial in that no details are to the who, what, where, when, why and how Burnett was allegedly advised at the time regarding the USA FLAG mark USA Football claims to own (but cannot show any use of).

FFWCT Interrogatories 18, 21 / USA Flag Interrogatories 17, 18, 19, 22 / Burnett Interrogatories 19, 22: These will be supplemented.

USA Football's reliance on Fed.R.Civ.P. 33(d) does not comply with the Rules and associate case law, nor Instruction No. 10 in the discovery requests.

More specifically, pursuant to Rule 33(d), if documents are going to be referenced in a response to an interrogatory, the response has to indicate *exactly* where the responsive information is to be found. Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1999). Furthermore, any issue USA Football attempts to raise regarding the relative burdens of finding the information sought by the interrogatories is irrelevant because Defendants do not know what facts USA Football is relying on for its answers. Thus, a supplemental response to these interrogatories is required.

Also, to ascertain information based on multiple pages of documents will be difficult and burdensome for Defendants, particularly where Defendants do not know what facts USA Football intends to rely upon for its response. Therefore, it is USA Football's burden to justify its exercising the option to produce documents (perhaps not even business records) in lieu of providing a narrative answer by showing that:

> a review of the documents will actually reveal answers to the interrogatories. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. Oleson v. Kmart Corp., 175 F.R.D. 560, 564 (D. Kan. 1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. Document dumps or vague references to documents do not suffice.

SEC v. Elfindepan, 206 F.R.D. 574, 576 (M.D.N.C. 2002).

> A second burden imposed on the producing party is to justify the actual shifting of the perusal burden from it to the requesting party. Rule 33(d) by its nature, of course, contemplates shifting the burden, but its text also explicitly establishes the minimum threshold to be that 'the burden of deriving or ascertaining the answer [must be] substantially the same for the party serving the interrogatory as for the party served . . . .' Fed. R. Civ. P. 33(d).

SEC v. Elfindepan, 206 F.R.D. 574, 577 (M.D.N.C. 2002).

In other words, USA Football must show that the documents it intends to produce contain the requested information, that USA Football has specified the precise documents that contain the information responsive to this interrogatory, and that the burden for Defendants to ascertain the information requested is the same as that for USA Football to ascertain the information requested. Until USA Football accomplishes these requirements, Defendants object to USA Football's attempt to exercise the option provided under Rule 33(d), and demands a narrative answer to these interrogatories.

Furthermore, merely "[d]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery."  American Rockwool v. Owens-Corning Fiberglas Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985).  Along these lines, a response to an interrogatory "'should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.'" Dana Corp. v. American Standard, 1994 WL 228537 at *1 (N.D. Ind., April 15, 1994) (quoting, 4A Moore's Federal Practice at § 33.25[1] (2d ed. 1991).  In other words, to the extent that Medit refers to pleadings, depositions, or other documents in its response to this interrogatory, such references, at a minimum, must be specific as to the precise documents that contain the requested information, and the location therein of the requested information.

For these reasons, Defendants request that USA Football either: (a) answer these interrogatories in a narrative manner, or (b) satisfy its burden to rely upon Rule 33(d) and specify the precise documents and the location(s) in each where the responsive information can be ascertained. Anything short of one of these will force Defendants to bring this matter up with the Court.

FFWCT Interrogatory 20: Confirmed.

This interrogatory clearly contained a typographical error in light of the same interrogatories from the other Defendants.  If USA Football confirms that its answer to FFWCT's interrogatory will be no different than for the other defendants, we can agree that no formal supplemental response is needed.  Otherwise, please provide a supplemental response.

USA Flag Interrogatories 15, 16: These have been supplemented.

USA Football's response is not entirely responsive not entirely clear.  These interrogatories very specifically asked for USA Football to "Set forth ALL FACTS CONCERNING YOUR use in commerce of the USA FLAG mark prior to December 20, 2022" and to "Set forth ALL FACTS CONCERNING YOUR use in commerce of the USA FLAG FOOTBALL mark prior to December 20, 2022."  USA Football's response merely answered "prior to 2022," which was not only not the question asked – the question had an exact date – but, it is unclear what "prior to 2022" means.  Does it mean prior to January 1, 2022, prior to December 20, 2022, or prior to some other date in 2022?

Please supplement your responses accordingly or we will likely move the Court to compel further responses that answer the interrogatory as asked.

<u>USA Flag Rog 21</u>: This limitation is accepted.

USA Football refused to answer this interrogatory, which specified both a limited time frame and a specific subject matter. The objection to this interrogatory to the extent it seeks documents or communications outside of USA Football's possession, custody, or control hints at obfuscation inasmuch as this is not only an interrogatory, but Instruction No. 9 to the set limits the responses to documents and information within the responding party's possession, custody, or control. None of the objections raised provide a basis to not respond. Defendants will be willing to limit this interrogatory to flag football in connection with any mention of any branding or trademark that includes USA FLAG or USA FLAG FOOTBALL.

Please let us know if this is acceptable. If not, we will likely move the Court to compel a response.

<u>FFWCT Requests for Admission 7, 8, 14-18, 45, 46/ USA Flag Request for Admission 38 / Burnett Requests for Admission 14, 17-21, 48, 49</u>: Confirmed.

In Request for Admission No. 1, Defendants requested, for any responses to a request for admission that was not an unqualified admission, that USA Football provide documents supporting such responses.

Here, USA Football's responses to these requests were not unqualified admissions. Therefore, USA Football much produce documents supporting its responses. Please confirm that you have done so.

For example, the response to FFWCT's Request for Admission No. 8 asserts that Defendants' trademark use was not a legitimate use. Please produce the documents supporting your response (which was not an unqualified admission).

As to Request for Admission No. 38 propounded by USA Flag, please note that "commercial impression" is not a legal conclusion. So, a response must be provide to the Request for Admission and/or Request for Production No. 1.

We appreciate your attention to these matters and look forward to a productive conversation next week. It may make sense to work through our discovery issues on both sides in one call. Please let us know your availability.

Thank you.

Regards,

**Mark D. Nielsen, Ph.D., J.D.**
**Scheef & Stone, LLP**   Partner
**www.solidcounsel.com** | 214.472.2112
Office: 214.472.2100 | Fax: 214.472.2150 | Direct: 214.472.2112
2600 Network Boulevard, Suite 400, Frisco, TX 75034

**IRS Circular 230 Notice:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Important:** This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:** Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys. If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.