IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| USA FOOTBALL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00516-ALM |
| FFWCT, LLC; USA FLAG, LLC; AND TRAVIS BURNETT | § § § § | |
| Defendants. | § § | |

**PLAINTIFF USA FOOTBALL, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT FFWCT, LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff USA Football, Inc. ("USAFB") responds and objects to Defendant FFWCT, LLC ("FFWCT"), First Set of Interrogatories as follows.

**GENERAL OBJECTIONS TO ALL DISCOVERY**

1. USAFB objects to Defendants' instructions to the extent the instructions impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable orders.

2. USAFB objects to each request on the basis of the attorney-client privilege to the extent the request seeks discovery of confidential communications between USAFB and their attorneys or information that is otherwise protected by the attorney-client privilege.

3. USAFB objects to each request on the basis of the work-product privilege and Rule 26(B)(3) of the Federal Rules of Civil Procedure to the extent the request seeks discovery of work product or information that is otherwise protected from discovery.

4. USAFB objects to each request to the extent it seeks information that is not within the possession, custody, or control of the Plaintiffs.

5. USAFB reserves the right to object to further discovery on the same or related matters and do not waive any objections by providing information set forth in these answers. Plaintiffs further reserve the right to object to the admissibility of any of these responses in full or in part at trial or other hearing in this action on any ground including, but not limited to, materiality and relevance.

6. USAFB reserves the right to supplement their answers if new information is gathered, discovered, or located at a later date. Discovery is ongoing and Plaintiffs have not completed their investigation of the facts related to this matter. Thus, these answers are based upon information reasonably available to Plaintiffs at this time and subject to change as discovery progresses.

7. USAFB states that information that is confidential shall be provided only in accordance with a reasonable protective order governing the disclosure and use of confidential and proprietary business information entered in this case.

8. USAFB objects to these Interrogatories generally as premature contention interrogatories seeking answers early in the discovery process. *See* Federal Rule of Civil Procedure 33(a)(2); *see also, e.g., Kaist IP US LLC v. Samsung Elecs. Co.*, No. 216CV01314JRGRSP, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017) ("This Court has consistently recognized that answers to contention interrogatories change over time [and] answers to such interrogatories are often best left until the close of discovery"); *DaVita, Inc. v. Scot Indus., Inc.*, No. CV 17-480, 2018 WL 11443618, at *5 (E.D. Tex. Dec. 3, 2018) ("This Court dislikes contention interrogatories,

and, in the past, has only ordered compliance with them toward the close of discovery."). USA Flag's first set of Interrogatories are largely incapable of complete responses where they cannot be answered until the parties progress further in discovery, particularly where they seek answers regarding information likely to be in USA Flag's own possession.

9. USAFB objects to each and every Interrogatory requesting it "[s]et forth ALL FACTS" or "[s]et forth the complete basis" as overly broad and burdensome, oppressive, vague, and ambiguous. "Any interrogatory which is too general and all-inclusive need not be answered." *Stovall v. Gulf & S. Am. S. S. Co.*, 30 F.R.D. 152, 154 (S.D. Tex. 1961) (questioning in reference to such interrogatories how a court can "make enforceable orders with reference to 'all' of anything?").

10. USAFB objects to these Interrogatories to the extent they seek information irrelevant to any parties' claims or defenses in this case or are otherwise not limited in time and scope.

11. USAFB objects to these Interrogatories to the extent they seek information that is a matter of public record or as easily accessible to Defendants as it is to Plaintiff.

12. USAFB objects to these Interrogatories to the extent they are duplicative of Requests posed by other Defendants to USAFB, and therefore oppressively burdensome.

**Interrogatory No. 1**:

Set forth the complete basis for YOUR Section 2(f) Claim of Acquired Distinctiveness in Trademark Application Serial No. 97724956, including acquired distinctiveness as of December 20, 2022, February 13, 2023, and presently.

**RESPONSE:**

USAFB's General Objections are incorporated by reference as if set fully forth herein.

**RESPONSE:**

USAFB's General Objections are incorporated by reference as if set fully forth herein.

USAFB objects to this Interrogatory in that "[s]et forth ALL FACTS" is overly broad and burdensome, oppressive, vague, and ambiguous. USAFB objects to this as an improperly compound interrogatory. USAFB objects to this Interrogatory to the extent it seeks information in USA Flag's possession, custody, or control. USAFB objects to Interrogatory as a premature contention interrogatory. The parties are still early in discovery and have yet to conduct any depositions. USAFB further objects to this Interrogatory on the basis that it is duplicative of FFWCT Request No. 33.

Subject to and without waiving these objections, USAFB states as follows: USAFB's goodwill in the USA FLAG FOOTBALL mark derives from USAFB's use of the mark and the fact that USAFB is known to be associated with that mark in the marketplace. In addition, FFWCT acknowledged in the March 1, 2021 Event Collaboration Agreement that USAFB has goodwill in its trademarks. That goodwill has been damaged by FFWCT's infringement of USAFB's trademarks.

**Interrogatory No. 7**:

As to FFWCT, identify each category of damages YOU are seeking to recover in this case, and for each, provide a detailed calculation of YOUR alleged damages.

**RESPONSE:**

USAFB's General Objections are incorporated by reference as if set fully forth herein.

USAFB objects to this Interrogatory in that "[a]s to USA Flag" is vague and ambiguous. USAFB objects to this Interrogatory as unreasonably duplicative in that it already disclosed the

categories of damages it is seeking to recover on in its Initial Disclosures served on Defendants on August 3, 2023. USAFB objects to this Interrogatory to the extent it seeks expert opinion testimony or other expert materials inconsistent with the manner and timeline for any such disclosures set by the Federal Rules of Civil Procedure and the Court's Scheduling Order. USAFB further objects to this Interrogatory on the basis that it is duplicative of FFWCT Document Request No. 34.

Subject to and without waiving these objections, USAFB states as follows: USAFB is seeking damages related to damages to its business, goodwill, reputation, and lost profits. USAFB is further seeking disgorgement of Defendants' profits resulting from their infringement and its attorneys fees associated with this case. USAFB further states that discovery is ongoing and reserves the right to supplement this response.

**Interrogatory No. 8**:

Set forth ALL FACTS SUPPORTING YOUR assertion that YOU possessed common law rights in the USA FLAG mark in connection with flag football up to and including February 13, 2023, as alleged in paragraph 57 of YOUR Complaint.

**RESPONSE:**

USAFB's General Objections are incorporated by reference as if set fully forth herein.

USAFB objects to this Interrogatory to the extent it seeks information protected by attorney-client privileged, work product doctrine, or any other applicable privilege. USAFB objects to this Interrogatory in that "[s]et forth ALL FACTS" is overly broad and burdensome, oppressive, vague, and ambiguous. USAFB objects to this Interrogatory to the extent it calls for a legal conclusion or purports to require USAFB to perform a legal analysis. USAFB further objects to this Interrogatory on the basis that it is duplicative of USA Flag Interrogatory No. 8, USA Flag

Interrogatory in that "[s]et forth ALL FACTS SUPPORTING each of the elements required to prove your trademark infringement claims" is overly broad and burdensome, oppressive, vague, ambiguous, and harassing. USAFB objects to this Interrogatory as improperly calling for a legal analysis. USAFB objects to this Interrogatory to the extent it seeks information in FFWCT's possession, custody, or control. USAFB objects to Interrogatory as a premature contention interrogatory. The parties are still early in discovery and have yet to conduct any depositions. USAFB further objects to this Interrogatory on the basis that it is duplicative of FFWCT Document Request No. 15. No answer will be provided to this Interrogatory until the parties meet and confer to narrow the request.

## VERIFICATION

I verify that the foregoing responses are true and correct.

_Jamie Riley_  10-20-23

                                            Respectfully submitted,

                                            **PEELE LAW GROUP**

Date:   October 20, 2023                By:    */s/ Anne Ricchiuto*

                                            Amie N. Peele, Esq.
                                            Anne K. Ricchiuto, Esq.
                                            PEELE LAW GROUP
                                            49 Boone Village
                                            Box 299
                                            Zionsville, IN 46077
                                            Tel: 202.964.4500
                                            Fax: 202.964.4502
                                            apeele@peelelawgroup.com
                                            aricchiuto@peelelawgroup.com
                                            plgfilemanagement@peelelawgroup.com

                                            Louis T. Perry, Esq.
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            300 N. Meridian Street, Suite 2500
                                            Indianapolis, Indiana 4620
                                            Tel: 317.237.1089
                                            Fax: 317.237.1000
                                            louis.perry@faegredrinker.com

                                            **ATTORNEYS FOR DEFENDANTS USA FOOTBALL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 20, 2023, a true and accurate copy of the foregoing document **PLAINTIFF USA FOOTBALL, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT FFWCT, LLC'S FIRST SET OF INTERROGATORIES** was served upon counsel of record for Defendant via electronic mail.

**SCHEEF & STONE, L.L.P.**
**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

**Anna Rebecca Skupin**
Texas Bar No. 24084272
Becca.Skupin@solidcounsel.com
200 N. Travis Street, Suite 402
Sherman, Texas 75201
(430) 262-5660 Telephone
(430) 262-5661 Fax

Attorneys For Defendants FFWCT, LLC, USA Flag, LLC, and Travis Burnett

                                                  */s/ Anne Ricchiuto*