IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FFWCT, LLC; USA FLAG, LLC; AND TRAVIS BURNETT, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:23-cv-00465-ALM |
| v. | § § § | |
| USA FOOTBALL, INC., | § § § | |
| Defendant, | | |

**<u>USA FOOTBALL'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

The parties agree that the issues to be resolved are whether USA Football's use of the phrase "national governing body" violates the Lanham Act and has harmed USA Flag. Dkt. 57 at 2; Dkt. 73 at 1. Because the Ted Stevens Act does not restrict use of the phrase "national governing body" (NGB) to entities that have received formal certification by the USOPC, USA Flag insists that the Lanham Act supplies that prohibition. But because USA Football's status as the NGB for flag football is neither false nor misleading, it has not and cannot harm USA Flag. USA Flag's response brief falls far short of establishing otherwise.

## I.     Response to Disputed Material Facts & Additional Undisputed Material Facts

USA Flag takes issue with a handful of USA Football's undisputed facts (Dkt. 73 ¶ 1-10), to which USA Football responds as follows:

- USA Football does not contend that IFAF membership or RSO status are identical to national governing body ("NGB") certification. Dkt. 73 ¶ 2. USA Football does contend that those designations, along with past practice of the USOPC, give USA Football a non-misleading basis on which to use NGB to refer to its role with respect to football, including flag football. Dkt 57 at 3-6. By contrast, USA Flag's own use of "national governing organization" and "ultimate governing body" are admittedly solely self-designated. Dkt. 57 at 5-6.
- With respect to the interactions between USA Flag and the NFL:
  - Only Mr. Hollomon, who is not a principal of USA Flag, had a pre-existing relationship with the NFL. Dkt. 58-3 [Hollomon Dep.] 41:4-12; Dkt. 57-10 [NFL Dep.] 19:6-10.
  - USA Flag's pitch materials to the NFL speak for themselves. *Compare* Dkt. 57 at 7 *with* Dkt. 73 ¶ 7. No portion of the requested financial support relates to any proposed effort by USA Flag to become the NGB. Dkt. 57-18 at 2. There is no evidence of any "discussion" between Hollomon and Vincent on July 5 beyond an inbound email to

    Vincent. *Compare* Dkt. 73 ¶ 7 and Dkt. 73-1 ¶ 4 *with* Dkt. 74-2 at Page ID 2633.

- It is undisputed that the NFL described its budgeting process to USA Flag. Dkt. 73 ¶ 8; Dkt. 57-10 [NFL Dep.] at 56:1-13, 58:8-14. Fields disputes Davis' hearsay representations that she committed to include their request in the budget. *Compare* Dkt. 73-1 [Davis Decl.] ¶ 7 *with* Dkt. 73-10 [Fields Dep.] 57:19-59:3; Dkt. 57-10 [Fields Dep.] 52:22-56:13.[1] And even Burnett concedes that USA Flag never received a financial commitment from the NFL. Dkt. 57 at 7 (citing Dkt. 58-1 [Burnett Dep.] at 272:9-23). Thus, any factual dispute about the nature of the budget discussion is immaterial because it is undisputed that the NFL ultimately did not fund USA Flag's proposal.

- USA Flag's expert clearly testified that "in my analysis, I only used the October [budget proposal]." Dkt. 57-26 [Porter Dep.] at 53:14-15. It is not disputed whether or not the October version was submitted to the NFL – the NFL testified that it was not, and no witness testified that it was. Dkt. 57 at 10; Dkt. 73 ¶ 10.[2] There is no procedural basis for USA Flag's expert to submit a supplemental report months after the close of discovery. Dkt. 73 ¶ 10. The mathematical errors reflected in his report were known to him, at the latest, when he acknowledged them at his deposition a month before discovery closed. Dkt. 57-26 [Porter Dep.] at 64:1-68:18. Porter also admits that his work has no bearing on whether USA Football caused USA Flag's alleged damages (*id.* at 28:4-30:20; 40:19-45:15), so it is irrelevant unless causation is otherwise established.

---

[1] USA Flag takes Hollomon's budget reference out of context, as he also testified that the NFL did not instruct USA Flag to "hurry up, we want to make sure to get you into the budget" and that after the October Zoom meeting "this wasn't going to happen, in my mind." *Compare* Dkt. 73 ¶ 8 *with* Dkt. 74-3 [Hollomon Dep.] at 131:12-132:22.

[2] The cited Hollomon testimony does not reflect that he "recalls the USA Flag team putting the October budget together to be presented to the NFL." *Compare* Dkt. 73 ¶ 10 *with* Dkt. 74-3 [Hollomon Dep.] at 131:12-132:22.

To USA Flag's additional undisputed material facts, USA Football states as follows:

- USA Football acknowledges that its witnesses did not give identical testimony as to the timing of the USOPC communications about use of NGB, but disagrees that its declarant's testimony should be disregarded. Dkt. 73 ¶ 13; *Sandras v. Freeport-McMoran*, 889 F. Supp. 901, 903 (E.D. La. 1995) (citing *Dibidale v. American Bank & Trust Co.*, 916 F.2d 300, 307 (5th Cir. 1990) ("the Fifth Circuit has instructed that a court must consider all evidence before it on a motion for summary judgment 'including affidavits that conflict with deposition testimony.'"). USA Football's declarant and corporate representative (Riley) testified that the correct timing was late 2023. (Dkt. 57-8 [Riley Dep.] at 177:12-181:14; Dkt. 57-2 [Riley Decl.] ¶ 9).

At any rate, the USOPC's express permission was not required for USA Football to accurately describe itself as the NGB, particularly during 2022 when no "certified" NGB existed. And there is no evidence that the USOPC acted at any time to intervene in USA Football's usage of the phrase. To the contrary, the USOPC itself referred to USA Football as an NGB as recently as December 2023. Dkt. 57-6 at USAFB 1649 (referencing "*your* NGB governance …"), USAFB 1651 ("We would be happy to welcome up to five people from *your NGB* to the session . . . *your NGB* will need to cover travel . . .") (emphasis added). Taken as a whole, this letter makes clear that USOPC already views USA Football as the NGB, while acknowledging that certification is an additional step. Dkt. 57-6.

- None of the cited NFL evidence makes it "clear that even the NFL believed, or even mistakenly believed that USAFB was the" *certified* NGB for flag football." Dkt. 73 ¶ 16-20 (emphasis added). The NFL's evidence reflect that it commonly referred to USA Football as flag football's NGB generally. *Id.*; ¶ 37. And USA Football has in fact been "designated" by

3

the USOPC as an RSO, so to the extent that USA Flag is conceding that the NFL had this understanding, it is accurate. Dkt. 73 ¶ 19.

## II. USA Football's use of the phrase "national governing body" was neither literally false nor misleading.

Leaving much of USA Football's arguments and authority unanswered, USA Flag devotes a substantial portion of its brief to examples of USA Football (and other entities, including the NFL), describing USA Football using the phrase "national governing body." The fact of this usage is not in dispute. It also does not violate the Lanham Act.[3]

### A. USA Football is flag football's national governing body.

USA Flag argues that despite USA Football's undisputed RSO status and IFAF membership, its use of NGB must be deemed literally false because it is not the certified NGB under the Ted Stevens Act. Dkt. 73 ¶ 33-34. There is no evidence that USA Football has used the phrase "certified national governing body" (Dkt. 57-8 [Riley Dep.] at 201:7-202:12) and USA Flag does not claim otherwise. The phrase "national governing body" is not legally restricted and, as the evidence in this case shows, is certainly susceptible to more than one reasonable interpretation. USA Football's use of NGB cannot therefore be legally deemed literally false. *See* Dkt. 57 at 14 (citing cases).

### B. The NFL was not misled about USA Football's national governing body status.

The only testimony suggesting that the NFL was confused or misled comes from representatives of USA Flag. Dkt. 73 ¶ 44-45. The evidence from the NFL – the best source of evidence about its own understanding – reflects that its relationship with USA Football did not

---

[3] USA Flag contends that its claims for false or misleading representation of fact, false or misleading description of fact, and unfair competition are somehow distinct from a false advertising claim. Dkt. 73 ¶ 68-70. Yet it identifies no alternate analysis that the Court should apply. USA Flag's claims are each pled under 15 U.S.C. § 1125(a), which is within Section 43 of the Lanham Act. Dkt. 1 at 13-19. False advertising analysis is proper here. Dkt. 57 at 12-13; Dkt. 73 ¶ 26-27.

4

depend upon whether USA Football was the "certified" NGB or just the entity recognized by both superior federations (IFAF and USOPC). The NFL's testimony makes clear that USA Football's IFAF membership was what mattered to the NFL – not what words were used to describe it. Dkt. 73 ¶ 44 (citing 73-10 [NFL Dep.] at 60:13-21, 119:1-12); *see also* Dkt. 73-10 [NFL Dep.] at 59:4-61:17, 117:18-119:12; Dkt. 57-10 [NFL Dep.] 49:5-22, 51:4-52:6.

USA Flag's reliance on documentary evidence provided by the NFL undermines USA Flag's position. Dkt. 73 ¶ 16-20, 42-43. Those documents establish that the NFL understood USA Football's status as the NGB within the flag football industry. *Id*. And there is no evidence supporting USA Flag's insistence that the NFL was "misled" into this view or that it would repeatedly make public representations that USA Football is the NGB without having any idea whether it was true.[4]

Moreover, USA Flag's arguments about who would and would not understand NGB certification are logically inconsistent. On the one hand, despite having been in the flag football industry for years, Davis remains unfamiliar with NGB certification, and USA Flag speculates that "the relevant consuming public" would not know that IFAF membership connotes its own governing body status. Dkt. 58-2 [Davis Dep.] 383:20-25; Dkt. 73 n. 4. Yet USA Flag insists that the NFL and other potential unnamed sponsors are somehow in a class by themselves, such that they do understand the significance of NGB *certification* – so much so that it is the sole driver in their decision-making – yet those same parties did not understand (or check) whether USA Football had actually achieved that certification. *See* Dkt. 73 ¶ 59-60. This is not plausible. The NFL's testimony reflects that it followed IFAF's lead and viewed USA Football as the NGB accordingly. Dkt. 73-10 [NFL Dep.] at 59:4-61:17, 117:18-119:12; Dkt. 57-10 [NFL Dep.] 49:5-

---

[4] Davis' new declaration is at odds with his admission that he is without knowledge about Mr. Vincent's understanding of the NGB issue. *Compare* Dkt. 73-1¶ 6 *with* Dkt. 57 at 15-16 n. 7 (citing testimony).

22, 51:4-52:6. This is not equivalent to being misled by USA Football about NGB certification.

### III. USA Flag has not been damaged by USA Football's use of national governing body.

USA Flag's only alleged damages relate to its failed NFL proposal. Dkt. 73 ¶ 19. USA Flag now acknowledges multiple alternate reasons why the NFL did not pursue the proposed collaboration. Dkt. 73 ¶ 58.[5] This concession undermines USA Flag's bold Complaint allegation – unsubstantiated prior to filing – that the NFL's sole reason for declining to proceed with USA Flag was the NGB issue. Dkt. 1 ¶ 29; Dkt. 58-1 [Burnett Dep.] at 264:22-267:5. Combined with the documented defects in USA Flag's damages evidence (Dkt. 57 at 10, 16-17, n.8), there is no path forward for its damages claim.

### IV. USA Flag is not entitled to injunctive relief.[6]

USA Flag's claim for injunctive relief relies purely on hypotheticals. It suggests, in effect, that but for USA Football publicly describing its own role in the industry, USA Flag might have been able to confuse potential sponsors and others into believing that USA Flag would be involved with the Olympics – at least until an NGB is formally certified by the USOPC. Dkt 73 ¶ 64-65; *see, e.g.,* Dkt. 62-47 at USAFB 1659. As USA Flag notes, certification applications closed on June 6, 2024. Dkt. 73-12. There is no evidence that USA Flag is an applicant and thus under no scenario will USA Flag become the "pathway for Olympic selection." Dkt 73 ¶ 64. Accordingly, all of the future hypothetical losses it allegedly "anticipates" (Dkt 73 ¶ 65) relate not to anything USA Football said in the past but result from

---

[5] In fact, the NFL repeatedly testified that its two discussions with USA Flag were "exploratory" only. Dkt. 73-10 [NFL Dep.] at 57:6-59:3, 61:18-63:5, 72:1-7, 72:20-73:6, 73:16-74:11, 76:8-17, 88:11-20.

[6] To the extent that USA Flag intends to suggest that its claim for injunctive relief can either be granted by a jury or stand alone without evidence of damages, neither scenario is possible. Dkt. 73 ¶ 62-63, 67. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (injunctive relief is not a jury question); *Eastman Chem. Co. v. PlastiPure, Inc.*, 969 F. Supp. 2d 756, 767–68 (W.D. Tex. 2013), *aff'd,* 775 F.3d 230 (5th Cir. 2014) (injunction not warranted in the absence of demonstrated injury).

the reality that USA Flag simply lacks any role in the Olympic movement.

USA Flag's contention that USA Football is generating revenue "at the expense of USA Flag" is far-fetched. Dkt. 73 ¶ 64. There is no competent summary judgment evidence linking any sponsorship USA Football has to its use of the phrase "national governing body," and no competent summary judgment evidence that, but for that language, those sponsorships would have automatically been awarded to USA Flag instead. *See* Dkt. 57 at 16. USA Football has been known in the industry for over 20 years. Dkt. 57-15 [Reese Dep.] 56:14-57:12, 59:5-9; Dkt. 57-8 [Riley Dep.] at 188:4-10. It is responsible for the United States National Team.[7] *See* Dkt. 73-17 at 2. As the sole United States member of IFAF, USA Football is the only entity that can meet the requirement that an NGB "must be in good standing with its international federation." Exhibit A, Declaration of Anne Ricchiuto, Ex. 1 [NGB Compliance Standards] at 10 (D.4(a));[8] Dkt. 57 at 3-4. Although the record contains no evidence of Under Armour's viewpoint, to the extent any sponsor may have opted to partner with USA Football based on those (or any other) factors, that does not constitute evidence of any "misrepresentation" by USA Football. Dkt 73 ¶ 65. Injunctive relief is not warranted here.

V. **Response to Evidentiary Objections**

None of USA Flag's evidentiary objections to USA Football's exhibits require

---

[7] To be clear, national teams exist regardless of flag football's status as an Olympic sport. *See* Dkt. 57-14 (referencing National Team activities); Dkt. 73-15 at 2 (US National Team to play Panama). In fact, USA Flag intends to form its own national team, which under its own argument, would violate the Lanham Act. Dkt. 62 at 13 (citing testimony for national team creation); *see* Dkt. 73 ¶ 35.

[8] USOPC's publicly-available NGB requirements are not hearsay. FED. R. EVID. 803(17). They are properly submitted with USA Football's reply because they directly refute USA Flag's insinuation that it could be selected as the certified NGB as part of the "open" process (Dkt. 73 ¶ 12, 64-66) and they are consistent with USA Football's prior argument that it is commonly viewed as the national governing body. Dkt. 57 at 3-6. The local rules do contemplate reply brief attachments and USA Flag may address them in its sur-reply. Local Rule CR-47(a)(1)(A); Dkt. 66.

7

disregarding evidence or otherwise preclude summary judgment.[9] Dkt. 73 at 1-2.

- Riley's declaration states that it is based on her personal knowledge. Dkt. 57-2 ¶ 1.

- The list of Recognized Sports Organizations on USOPC's website is properly considered under FRE 803(17) as a list, directory, or compilation generally relied upon by the public or persons in particular occupations. Dkt. 57-3. Furthermore, the fact that USA Football is an RSO is not disputed and is reflected in other sworn testimony. Dkt. 73 ¶ 2 (conceding the fact of USA Football's RSO status); *see, e.g.* Dkt. 73-3 [Hallenbeck Dep.] at 29:2-30:16.

- Riley's statements regarding past communications with USOPC and the Trademark Agreement both reflect that USA Football lacked intent to misuse the phrase national governing body. FED. R. EVID. 803(3); Dkt. 57-2 ¶ 7-9; Dkt. 57-4.

- The Connect Sports email is a properly authenticated USA Football business record showing that Connect Sports understood USA Football to be an NGB, and thus, is not hearsay. FED. R. EVID. 803(3). It. Dkt. 57-2 [Riley Decl.] ¶ 3, 12; FED. R. EVID. 803(6); *Willbern v. Bayview Loan Serv., L.L.C.*, 842 F. App'x 865, 867 (5th Cir. 2021) (explaining that a business record does not have to be created by the party offering it to be that party's business record).

- The USA Flag website,[10] Event Collaboration Agreement, and email from Curtis Hollomon were all discussed by Charles Davis and Travis Burnett in their depositions, as follows:

---

[9] USA Flag does not contend that any of the challenged evidence is unable to be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56 Advisory Committee Note (2010).

[10] Despite objecting to USA Football's use of USA Flag's website, USA Flag relies on USA Football's website (and others) in its Response brief. Dkt. 73-12, 73-13, 73-15, 73-17.

8

| Dkts. 57-12 and 57-13 [USA Flag website] | Burnett Dep.[11] (Exhibit B hereto) at 308:1-15, 308:22-309:5<br>Davis Dep. (Exhibit C hereto) at 376:25-377:14, 381:16-382:2 |
|---|---|
| Dkt. 57-14 [Event Collaboration Agreement] | Ex. B [Burnett Dep.] at 108:24-109:12<br>Ex. C [Davis Dep.] at 85:14-86:14 |
| Dkt. 57-25 [Hollomon email] | Ex. B [Burnett Dep.] at 300:23-302:4<br>Ex. C [Davis Dep.] 352:9-353:12 |

- The USA Flag website and Holloman email are also statements of a party opponent. FED. R. EVID. 801(d)(2); Dkts. 57-12, 57-13, 57-25. Hollomon was an agent of USA Flag who made the statement during the existence of that agency relationship. FED. R. EVID. 801(d)(2).

- Finally, none of these documents' relevance can be seriously disputed. The test for relevance is a "low bar." *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 741 (5th Cir. 2020). Each exhibit has a tendency to make a fact of consequence in this action more or less probable than it would be without the evidence. FED. R. EVID. 401.

## VI. Conclusion

USA Flag's theory of the case requires each of the following implausible facts to be found true: notwithstanding the NFL's long-time relationship with USA Football, including an ongoing collaboration to bring flag football into the Olympics, the NFL was completely unaware of whether its own understanding and public statements describing USA Football as the NGB for flag football were accurate. But for this alleged misunderstanding, the NFL would have partnered with a two-man amateur flag football tournament operator to (1) usurp USA Football's internationally-recognized governing body role and (2) fund a multi-million dollar proposal to

---

[11] USA Flag filed Burnett and Davis' testimony under seal. Dkts. 74-1, 74-5. USA Football previously did the same because as of the May 17 filing, USA Flag's deadline to designate specific testimony as confidential under the parties' protective order had not yet expired. Dkt. 56 ¶ 1-2; Dkts. 58-1, 58-2. Having received the transcripts from the court reporter on April 26, 2024, USA Flag's designations were due by May 26. Dkt. 21 ¶ 11(b). Because no designations have been made, there is no ongoing basis for the Burnett and Davis transcripts to be sealed.

field adult flag football tournaments, not under its own household name or with its own existing flag football collaborators, but by entrusting the NFL brand to USA Flag. To accomplish this, the NFL was willing to ignore its typical months-long budgeting process and hand over millions after only 90 minutes of meetings. According to USA Flag, the only barrier to all of this happening is that the NFL failed to realize that USA Football was not yet certified as the Olympic NGB—an impossibility at that time because flag football was not yet an Olympic sport.

USA Flag did not move for summary judgment or offer undisputed evidence supporting this narrative because it cannot, and no reasonable juror could find it true by a preponderance of the evidence in the face of the undisputed material facts presented by USA Football. Dkt. 57. This tale is simply too tall to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1996) ("the mere existence of a scintilla of evidence in support [USA Flag's] position [is] insufficient" to create a genuine issue of fact where no "reasonable jurors could find by a preponderance of the evidence" for USA Flag); *Johnson v. Cox*, No. 3:21-cv-03105-E, 2024 WL 331631, at *8-11 (N. D. Tex. Jan. 29, 2024) (granting summary judgment where no reasonable juror could find in plaintiff's favor).

USA Football respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

*/s/ Anne K. Ricchiuto*

Amie N. Peele (*pro hac)*
Indiana Bar No. 19523-29
Anne Ricchiuto (*pro hac*)
Indiana Bar No. 25760-49
Kelly Thompson (*pro hac*)
Indiana Bar No. 21846-49
Ashley Hodges (*pro hac*)
Oklahoma Bar No. 31082
apeele@peelelawgroup.com

10

aricchiuto@peelelawgroup.com
kthompson@peelelawgroup.com
ahodges@peelelawgroup.com
PEELE LAW GROUP, PC
49 Boone Village, Box 299
Zionsville, IN 46077
(202) 964-4500 (Ph)
(202) 964-4502 (Fax)

Louis T. Perry (*pro hac*)
Indiana Bar No. 25736-49
Louis.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH
300 N. Meridian St., Ste. 2500
Indianapolis, IN 46204
(317) 237-0300 (Ph)
(317) 237-1000 (Fax)

David Gomez (*pro hac*)
Minnesota Bar No. 0401234
David.Gomez@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
(612) 766-7000 (Ph)
(612) 766-1600 (Fax)

Justin Opitz
State Bar No. 24051140
jopitz@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Ste. 1400
Dallas, Texas 75201
(214) 932-6400 (Ph)
(214) 932-6499 (Fax)

*Attorneys for USA Football, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2024, a true and accurate copy of the foregoing was served upon counsel of record for FFWCT, USA Flag, and Travis Burnett via ECF.

Mark D. Nielsen
Bryan Haynes
Taylor Harris
Scheef & Stone
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

                                                 /s/  Anne K. Ricchiuto