IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FFWCT, LLC; USA FLAG, LLC; AND TRAVIS BURNETT, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:23-cv-00465-ALM |
| v. | § § | |
| USA FOOTBALL, INC., | § § | |
| Defendant. | § § | |

**FFWCT, LLC'S, USA FLAG, LLC'S, AND TRAVIS BURNETT'S SUR-REPLY RE: USA FOOTBALL, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO "NATIONAL GOVERNING BODY"**

FFWCT, LLC, USA Flag, LLC, and Travis Burnett (collectively "USA Flag") submit this Sur-Reply re: USA Football, Inc.'s ("USAFB") motion for summary judgment (Dkt. 57). The numerical outline for the headings herein corresponds to the same in USAFB's Reply (Dkt. 78).

In its Reply, USAFB concedes that there are genuine disputes of material fact as to its motion. For example, USAFB posits that "its witnesses did not give identical testimony as to the timing of the USOPC's communications about the use of NGB." Dkt. 78 at 3 (first bullet point on page). *Non-identical is a substantial understatement*. The non-identical testimony differs in timing by ~24 months (no later than January of 2022 versus late 2023) and is material because the earlier date pre-dates USA Flag's interactions with the NFL that are the subject of this dispute. For this reason alone, USAFB's motion for summary judgment should be denied.

**I.     SUR-REPLY RE: DISPUTED MATERIAL FACTS AND ADDITIONAL UNDISPUTED MATERIAL FACTS**

<u>Dkt. 78 at 1, First Bullet</u> – USA Football has no basis on which to call itself the NGB for flag football in the U.S. in the applicable context of the Olympic aspirations of USA Football, the

1

NFL, and others. To be the NGB, an organization must be certified by the USOPC. USA Football's claim that "the Ted Stevens Act does not restrict use of the phrase 'national governing body' (NGB) to entities that have received formal certification by the USOPC is incorrect. Under the Ted Stevens Act, certification is *inherent* in the phrase "national governing body":

> (9) "national governing body" means an amateur sports organization, a high-performance management organization, or a paralympic sports organization **that is certified** by the corporation under section 220521.

36 U.S.C. § 220501(b)(9) (emphasis added).

<u>Dkt. 78 at 1, Second Bullet/Second sub-Bullet</u> – USA Flag's damages are not based on the proposed financial support being used by USA Flag to become the NGB. This is a red herring.

<u>Dkt. 78 at 2, Second Bullet/Third sub-Bullet</u> – The meeting was about more than the NFL's budgeting process. *See e.g*. Dkt. 57-18; Dkt. 74-2 (at NFL000065). USAFB's assertion that Mr. Davis said Ms. Fields committed that the NFL would include USA Flag's request *in the NFL's budget* is misleading. Mr. Davis stated that Ms. Fields asked for a final budget from USA Flag to include *in the NFL's November budget **meeting***. Dkt. 73-1 at ¶ 7. USAFB's comment that "even Burnett concedes that USA Flag never received a financial commitment from the NFL" is stating the obvious – the NFL, being confused, mistaken, and/or deceived by USAFB's repeated false NGB assertions caused the NFL to not do business with USA Flag. If the NFL funded the proposal, there would be no need for a lawsuit.

<u>Dkt. 78 at 2, Third Bullet</u> – USAFB's efforts to discredit the numbers in Mr. Porter's expert report are baseless as it does not provide any evidence that he knew the October 2022 budget was not actually provided to the NFL. *See* Dkt. 73 at ¶¶ 10, 48, 49.[1]

---

[1] Porter should be permitted to update his numbers based on the August 2022 proposal if, for some reason, the October 2022 proposal is not admitted into evidence. Otherwise, use of the October 2022 numbers is justified because it was prepared at the request of the NFL. *See* Declaration of

2

Dkt. 78 at 3, Fourth Bullet, First Paragraph – As discussed at the beginning of this brief, the timing of the USOPC instructing USAFB not to call itself NGB is a genuine fact dispute that pits Ms. Riley's testimony about the "correct timing" in late 2023 against the testimony of USAFB CEO Scott Hallenbeck (and departure of Ryan Horning from USAFB) placing the timing before the end of January 2022.  Dkt. 73 at ¶ 13.  USAFB seems to attack Hallenbeck's credibility by referring to Riley's timing as "correct" despite Mr. Hallenbeck's testimony on the same issue.[2] Furthermore, construing this fact favorably to USA Flag places the USOPC's admonition to USAFB *no later than January of 2022*,[3] which pre-dates USA Flag's dealings with the NFL.  This timing is material because it connects the failure of a potential deal between USA Flag and the NFL *in 2022* with the NFL's mistaken belief *in 2022* as to USAFB's claimed NGB status based on USAFB's false statements during 2021-2022.  *See* Dkt. 73 at ¶¶ 14, 35, 36 (re: USAFB's statements to the NFL and the public that it was NGB in the USOPC/flag football context); *see also* Dkt. 73 at ¶¶ 16-20, 37, 38, 42-44 (re: NFL's mistaken belief that USAFB was the NGB).

Dkt. 78 at 3, Fourth Bullet, Second Paragraph – USAFB's assertion that it did not *require*

---

Mark D. Nielsen (submitted concurrently herewith) (hereafter "Nielsen Decl.") at ¶¶ 3-5 and Exhs. 1 (Hollomon Dep. at 128:12-23 – "…[the October budget] was put together at the request [of the NFL]…") and 2 (Davis Dep. at 320:6-322:6 – "We were preparing that final number for [Ms. Fields] to take to her budget meeting in November"); *see also* Dkt. 74-5 (Burnett Dep. 282:25-283:23) ("This would have come from feedback [from the NFL]"); Dkt. 75-2 (Davis Dep. at 279:2-281:11); 73-1 (Davis Decl. ¶ 7); 74-3 (Hollomon Dep. at 131:19-25).  Whether Hollomon ultimately sent the October proposal to the NFL (which he could not recall – Dkt. 74-3 (Hollomon Dep. at 132:10-22)) is irrelevant because the October proposal was updated based on the NFL's input and more accurately reflects to the proposed deal.

[2] The *Sandras* and *Dibidale* cases cited by USAFB support USA Flag's position.  Both courts *denied* summary judgment where, as here, a conflict between a deposition and declaration existed.

[3] Even beyond construing the facts favorably to USA Flag, Ms. Riley read Mr. Hallenbeck's testimony about the USOPC admonition *during her deposition* (Dkt. 57-8 at 179:15-18) and *then* testified that she had no awareness of the circumstances to which Mr. Hallenbeck testified, saying, "[t]hat does not mean it did not happen."  Dkt. 57-8 (at 179:19-180:3).  So, for USAFB to assert that Ms. Riley provided the "correct timing" does not hold water.

3

"express permission" to call itself NGB "particularly during 2022" is refuted by 36 U.S.C. § 220501(b)(9) (i.e., because USAFB has not been certified as NGB by the USOPC it cannot call itself the NGB), and the factual dispute regarding the timing of the USOPC's admonition to USAFB about calling itself NGB. Furthermore, USAFB's reliance on Dkt. 57-6 is misplaced. The December 20, 2023 letter portion of the exhibit indicates that certification of an NGB by the USOPC had yet to take place and is spoken of as future. Dkt. 57-6 at USAFB1650 (timing of the public hearings, recommendation, review, and approval process in 2025). The references to "your NGB" cited by USAFB is simply loose language that itself, at best for USAFB, creates a genuine dispute of material because no NGB exists as of this time, let alone that time.

**II.     USA FOOTBALL'S USE OF "NATIONAL GOVERNING BODY" IS FALSE AND/OR MISLEADING (EVEN USA FOOTBALL CANNOT DECIDE WHAT IT MEANS)**

    **A.     USA Football is not Flag Football's National Governing Body**

Whether USAFB is an RSO or IFAF member is irrelevant to whether its repeatedly proclaiming to the world, in the USOPC/Olympics context, that it is the NGB in the U.S. for flag football, is an actionable statement under the Lanham Act. *See* Dkt. 73 at ¶¶ 2, 32-24.[4] To try to persuade the Court otherwise, USAFB uses a straw man, i.e., that the actual phrase needs to be "certified national governing body." This is hogwash. As noted above, under the Ted Stevens Act, which applies given the Olympics/USOPC context, certification is *inherent* in the phrase "national governing body." 36 U.S.C. § 220501(b)(9). And if, as USAFB admits, "[t]he phrase 'national governing body' is certainly susceptible to more than one reasonable interpretation," then construing the facts favorably to USA Flag, a reasonable jury could conclude that USA Flag's

---

[4] USAFB continues to suggest that Section 1125(a)(1) of the Lanham Act can be collapsed into one violation for false advertising. Dkt. 78 at 4 n.3. If this were the case, then why did Congress include separate subsections (A) and (B) in Section 1125(a)(1) of the Lanham Act? USA Flag maintains that USAFB moved for summary judgment on a claim USA Flag did not assert.

interpretation of "national governing body" under the Ted Stevens Act applies.

### B. The NFL was Mistaken and Misled About USAFB's NGB Status

<u>Dkt 78, Section II.B, First Paragraph</u> – In addition to the factual disputes regarding the literal falsity of USAFB's claimed NGB status,[5] genuine disputes of material fact also exist as to whether the NFL was mistaken, confused, or deceived by USAFB's statements. *See* Dkt. 73 at ¶¶ 16-20, 42-45. In its Reply, USAFB admits that the NFL viewed USAFB as the NGB. Dkt. 78 at 6 ("Those documents establish that the NFL understood USAFB's status as the NGB within the flag football industry."). The testimony of NFL and USA Flag representatives confirms the NFL's belief that USAFB was the NGB for flag football. *See* Dkt. 73 at ¶¶ 44, 54, 60.

Documents produced by the NFL show that USAFB pushed this narrative to the NFL. *See* Dkt. 74-2 (at NFL22-23; 29-30; 34-36; 51-52; 53 therein); *see also* Dkt. 73 at ¶ 38 (USAFB testimony that USAFB referred to itself as NGB when discussing and presenting to the NFL). NFL-produced press releases and presentations also described USAFB as the NGB, reflecting the NFL's belief and reliance on USAFB's false claim (*Id.* at ¶¶ 17-20) further demonstrating the extent of NFL being mistaken, confused, or deceived.[6]

---

[5] There is no dispute that USAFB is not the NGB as defined by the Ted Stevens Act. There is no such thing as a "certified national governing body." Rather, certification by the USOPC is a requirement of being the NGB. 36 U.S.C. § 220501(a)(9). *See also* Dkt. 73-11(USAFB Response FFWCT Interrogatory No. 16 – "USAFB is not certified as a "national governing body" by the United States Olympic and Paralympic Committee as that term is used in the Ted Stevens Act."); Dkt. 57, p. 14 (per 36 U.S.C. 220521, "a USOPC-certified national governing body for football could not have existed prior to flag football becoming an Olympic sport in October 2023."); Dkt. 73-3 (Hallenbeck Dep. at 43:12-44:20; 55:4-58:25; 101:13-103:17).

[6] USAFB's assertion that "[t]he NFL's testimony makes clear that USA Football's IFAF membership was what mattered to the NFL – not what words were used to describe it," (Dkt. 78 at 5) is speculation and a self-serving reading of the cited testimony. Rather, the testimony indicates that the NFL did not have a clear understanding of whether USAFB was the NGB in the USOPC/Olympic context or the basis for such designation, if any. Read in a light most favorable to the non-moving party, this testimony supports the NFL being mistaken or confused on USAFB's true status, but believing what USAFB admittedly told them that it was the NGB.

Dkt 78, Section II.B, Second Paragraph – USAFB conclusorily argues that the NFL understood USAFB's NGB status, and by implication the NGB process under the Ted Stevens Act, such that the NFL could not have been mistaken, confused, or deceived by USAFB calling itself the NGB. USAFB is incorrect. In addition to footnote 6, *supra*, and the NFL's testimony that it did not decide or really know about NGB designations (*see* Dkt. 73-10 at 59:4-61:17, 117:18-119:12; *see also* Dkt. 57-10 at 114:4-10), documents produced by the NFL reveal the NFL's mistake or confusion on the issue of USAFB's NGB status in connection with flag football and the Olympics. *See e.g.* Dkt. 74-2 (at NFL3, 14, 29-30, **33**, 47 therein). Accordingly, the NFL was not knowledgeable about the NGB process or USAFB's actual status with the USOPC. Thus, a genuine dispute of material fact exists as to whether the NFL was mistaken, confused, or deceived by USAFB's representations of its claimed NGB status in the USOPC/flag football context.

Dkt 78, Section II.B, Third Paragraph – USAFB offers specious arguments conflating IFAF membership with NGB certification by the USOPC. The question is not what USA Flag understood or did not understand, but rather, what a stakeholder such as the NFL believed. As noted above, the NFL did not really know what NGB certification by the USOPC entailed. And, the NFL simply following IFAF's lead does not help USAFB because IFAF does not decide the NGBs for Olympic sports in the U.S., the USOPC does; and, the USOPC has its procedures for NGB certification under the Ted Stevens Act about which the NFL was largely unaware. Because the NFL's main priority was flag football's inclusion in the Olympics, pursuing this goal requires the NFL to partner with the USOPC-certified NGB. Dkt. 73-10 at 72:20-73:6 ("The thing that was most important, I think, to all involved at that moment was that we would not do anything that could compromise our pursuit of LA28."); *see also* Dkt. 57-24 ("Having the NFL brand associated with [USA Flag]…would cause…challenges with our Olympic efforts ..."). Thus, the NFL's understanding and belief about USAFB being the NGB must be considered in the context of its

Olympic aspirations, which implicates the NGB rules under the Ted Stevens Act.

By publicly presenting itself as the NGB while highlighting its role in Olympic team selection, USAFB at least *strongly suggested* its NGB certification by the USOPC.  See Dkt. 73 ¶ 14; 16-17; 35-36; *see also* 36 U.S.C. § 220523(a)(6).  This significantly contributed to a likelihood of mistake, confusion, or deception on the topic, including by the NFL.  *Id.* ¶¶ 14, 18; Dkt. 57-23, 57-24, 74-2 (at NFL 3-4, 53 therein).  The NFL operated under the mistaken, confused, and/or deceived belief that USAFB was the NGB per the USOPC and the sole pathway to the Olympics for flag football players.  On this basis, the NFL decided not to pursue USA Flag's proposal, and USA Flag was monetarily and reputationally harmed as a direct consequence.  At a minimum, there is a genuine dispute of material fact as to whether the NFL was confused, deceived, or misled by USAFB's proclaimed sponsorship or approval by the USOPC as NGB in violation of 15 U.S.C. § 1125(a)(1)(A).  The Court should deny summary judgment accordingly.

**III.    USA Flag has been Damaged by USA Football's False Statements**

USAFB's statement at Dkt. 78 at 6 that "USA Flag now acknowledges multiple alternate reasons why the NFL did not pursue the proposed collaboration with USA Flag" misconstrues USA Flag's statements at Dkt. 73 at ¶ 58.  First, USA Flag's statements in ¶ 58 were not a "concession."  Second, in ¶ 58 of Dkt. 73, USA Flag stated that the NFL never provided a reason to USA Flag as to why it decided not to do business with them, but that there could have been a number of reasons, including USAFB's false statements that it was NGB.  This is important because this is USAFB's motion and it has failed to identify a reason in the record as to why the NFL decided not to proceed with USA Flag.  The false NGB statements misleading the NFL (and others) is a plausible reason for which there is evidence.  As such, the trier of fact should be permitted to receive the evidence and make its own determination as to whether the NFL decided not to move forward with USA Flag because of the false NGB issue or some other reason.

**IV.     USA FOOTBALL SHOULD BE ENTITLED TO INJUNCTIVE RELIEF**

USA Flag's claim for injunctive relief is supported by the Davis Declaration as well as recent news articles reflecting Olympic-based sponsorships obtained by USAFB. *See* Dkt. 73-1, 73-17. These demonstrate tangible and ongoing harm to USA Flag based on USAFB's false claims regarding its NGB status and Olympic pathway and justify the need for injunctive relief.

USAFB's false NGB claims secured sponsorships for it that should have been competitive opportunities for USA Flag. One example is the recent partnership between USAFB and Under Armour. The published announcement states that Under Armour will "dress the first Olympic team for the 2028 Summer Games as flag football and USA Football's U.S. National Teams make their Olympic debut." Dkt. 73-17 (at p. 2 therein). The article references USAFB's high-performance path that *will* represent the country in the Olympics. *Id.* (at p. 4 therein). Because no NGB exists at this time, an Olympic pathway or claim to choose the team cannot presently be true. Thus, USAFB violates §§ 1125(a)(1)(A) and (a)(1)(B) of the Lanham Act by continuing to make or permit these false or misleading statements that tend to confuse, mislead, and deceive stakeholders and sponsors, including those USA Flag engages for sponsorships and other opportunities. Because these matters continue, and because the USOPC has yet to designate an NGB under the Ted Stevens Act, USAFB must enjoined to prevent further irreparable harm to USA Flag within the flag football marketplace.

**V.      SUR-REPLY TO USAFB'S RESPONSE TO EVIDENTIARY OBJECTIONS**

<u>Dkt. 78 at 8, First Bullet</u> – Ms. Riley's claims of personal knowledge of the assertions in her declaration does not resolve the hearsay issues with at least ¶¶ 8, 9, and 12 of her declaration, or Exhibit E (Dkt. 57-7). Nor does her personal knowledge address foundation issues as to at least the who and what of the matters to which USA Flag objected such that sufficient indicia of reliability exist. For example, regarding ¶ 8 of Ms. Riley's declaration, who at the USOPC

allegedly granted USA Football permission to refer to itself as NGB and how does Ms. Riley know that? Also, regarding Exhibit E to her declaration, who is Taylor Snow and what is Ms. Riley's basis for asserting what *he* knew or did not know?

Dkt. 78 at 8, Second Bullet – The objection, which is unaddressed by USAFB, was lack of relevance as to USAFB being an RSO. *See* Dkt. 73 at ¶ 2.

Dkt. 78 at 8, Third Bullet – USAFB mistakenly relies on Fed.R.Evid. 803(3) in response to USA Flag's hearsay objection, claiming that "Riley's statements regarding past communications with the USOPC and the Trademark Agreement … ." First, 803(3) hearsay does not cover "a statement of memory or belief to prove the fact remembered or believed …," which is all that Riley's statements constitute.[7] Second, Riley fails to place herself in any of the situations to which she refers *such that she could have had* a "emotional, sensory, or physical condition" (Fed.R.Evid. 803(3)) to which she could hearken back. *Reed v. Marmaxx Operating Corp.*, No. 4:14-CV-0010, 2014 WL 5846408, at *3 (E.D. Tex. Nov. 10, 2014) ("the state of mind exception to the hearsay rule only applies where it relates to the declarant's state of mind."). Furthermore, the statements in at least ¶ 8 and likely ¶ 9 of Riley's Declaration (Dkt. 57-2) are double hearsay. Thus, USAFB failed to show that the hearsay exception in 803(3) applies to ¶¶ 7-9 of the Riley Declaration.

Dkt. 78 at 8, Fourth Bullet – USAFB uses the statements by Connect Sports to show Connect Sports' belief that USAFB is an NGB. As explained above, USAFB cannot use a statement of belief or memory to try to establish that belief or memory as a fact. Fed.R.Evid. 803(3). *See* footnote 7.

Dkt. 78 at 8-9, Fifth and Sixth Bullets – USA Flag's objected to Dkt. 57-12, 57-13, and 57-14 for lack of relevance. The fact that the exhibits were introduced in a deposition does not make

---

[7] *See United States v. Liu*, 960 F.2d 449, 452 (5th Cir. 1992); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313-WCB, 2012 WL 2595275, at *10 (E.D. Tex. July 5, 2012).

9

them relevant, as USAFB contends.  USAFB also responded by stating that the exhibits are not hearsay, which makes no sense, and warrants sustaining USA Flag's objections.

As to Dkt. 57-25, USA Flag asserted a hearsay objection and USAFB responded that the exhibit and statements therein are not hearsay, apparently pursuant to Fed.R.Evid. 801(d)(2)(D) (i.e., that Curtis Hollomon was an "agent" of USA Flag).  USAFB's response fails because it does not even try to satisfy its burden to establish that Curtis Hollomon was an "agent" of USA Flag[8] in accordance with agency principles.  *See e.g., Dipprey v. Double Diamond, Inc.*, 637 SW 3d 784, 804 (Tex. App. 2021) (citing cases).

Dkt. 78 at 9, Seventh Bullet – USAFB does not specifically address any of USA Flag's relevance objections, but merely cites rules, including "[t]he test for relevance is a 'low bar.'"  But a "low bar" does not mean "no bar."  Unlike USAFB, the Court in *Novick* (cited by USAFB) provided a basis for relevance of the objected-to evidence (and said, "irrelevant evidence is inadmissible").  *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 741 (5th Cir. 2020).  USAFB's failure to address any of USA Flag's relevance objections warrants sustaining the objections.

## VI.  CONCLUSION

Refuting USAFB's "Conclusion" in Dkt. 78 at 9-10, first, USA Flag identified additional undisputed facts to support its position (Dkt. 73 at ¶¶ 11-21) and disputed USAFB's allegedly undisputed facts (*Id*. at ¶¶ 1-10).  Second, this case is not about USA Flag trying to "usurp" anything.  While USAFB's choice of the word "usurp" is telling, USA Flag did not bring this case because it is not the NGB, but because USA Football has been telling the world, including the

---

[8] *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *5 (5th Cir. Aug. 9, 2022) (failure of proponent of evidence to meet burden to establish applicability of Fed.R.Evid. 801(d)(2)(D) affirmed); *Jay v. Specialized Loan Servicing, LLC*, No. 4:19-CV-680-RWS-KPJ, 2021 WL 3738004, at *6 (E.D. Tex. Aug. 23, 2021), *report and recommendation adopted*, No. 4:19-CV-680-RWS-KPJ, 2021 WL 4125103 (E.D. Tex. Sept. 9, 2021) (same).

NFL, that it is NGB when it is not (*Id.* at ¶ 2), and this harmed and harms USA Flag. And, in terms of the NFL entrusting USA Flag, it is undisputed that the NFL invited USA Flag to meet. *Id.* at ¶ 6. Whether or not USA Flag moved for summary judgment is neither here nor there. Accordingly, USA Football's motion for summary judgment should be denied.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date: July 5, 2024

*/s/ Mark D. Nielsen*
**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
**Bryan Haynes**
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

**Michael C. Smith**
Texas Bar No. 18650410
Michael.Smith@solidcounsel.com
113 East Austin Street
Marshall, Texas 75670
(903) 938-8900 Telephone

**ATTORNEYS FOR FFWCT, LLC, USA FLAG, LLC, AND TRAVIS BURNETT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on July 5, 2024, a true and correct copy of the foregoing was electronically filed with the Court using the ECF system, which will send a notification of the filing via electronic mail to all counsel of record.

*/s/ Mark D. Nielsen*
Mark D. Nielsen