IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| USA FOOTBALL, INC., § | |
| § | |
| Plaintiff, § | Civil Action No. 4:23-cv-00516-ALM |
| § | |
| v. § | |
| § | |
| FFWCT, LLC; USE FLAG, LLC; AND § | |
| TRAVIS BURNETT, § | |
| § | |
| Defendants. § | |

**USA FOOTBALL, INC.'S, SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I. **INTRODUCTION**

Remarkably, USA Flag does not dispute that it has profited from its infringement of USA Football's marks, or even that USA Football misstated the legal standard for determining its damages. In a pivot from its opening brief, USA Flag now concedes that USA Football has been clear from the beginning of this case that it is seeking disgorgement of USA Flag's profits. While USA Football does not dispute that it has the burden to prove USA Flag's profits, it meets that burden by pointing to USA Flag's own financial documents. USA Flag nonetheless requests extraordinary relief on the basis that USA Football should have performed a simple addition computation based on the face of USA Flag's own records. The mathematics required to establish USA Football's equitable relief is not USA Football's burden.

II. **USA FLAG HAS NOT BEEN PREJUDICED OR HARMED.**

Federal Rule of Civil Procedure 37(c) does not require striking disgorgement evidence because, as a matter of law, USA Flag has not been harmed. *See* FED. R. CIV. P. 37(c), 26(a)(1)(B). The cases cited in USA Football's Response brief make clear that in a disgorgement

of profits case, the evidence of the defendant's profits should not be excluded based on failure by the plaintiff to provide an <u>exact calculation</u> of those profits. This is because defendants, like USA Flag, are not prejudiced in such cases. *See, e.g.*, *BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-866, 2020 WL 6781516, at *2 (E.D. Tex. Nov. 18, 2020); *Good Tech. Corp. v. MobileIron, Inc.*, No. 5:12-CV-05826-PSG, 2015 WL 13376731, at *3 (N.D. Cal. July 6, 2015). Like the defendants in *BioTE Med* and *Good Tech.*, USA Flag has always had custody of its own data.

The case law USA Flag cites to support its claim that Rule 37(c) requires USA Football's damages claim be stricken are not instructive. The Second Circuit case USA Flag cites, *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006), involved a plaintiff that did not produce evidence of its <u>own</u> lost profits. Of course, the district court ruled that such evidence could not be brought at trial, because the defendants would have had no knowledge of plaintiff's lost profits. *Design Strategy*, 469 F.3d at 289-90. That is far different from the facts of this case, where USA Flag obviously knows what its *own* profits are. The other opinion USA Flag cites to support its claim of prejudice likewise involved a plaintiff who failed to disclose the amount of actual damages – lost sales and goodwill – that it was seeking. *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, No. 21-13264, 2022 WL 3083273, at *1 (11th Cir. Aug. 2, 2022). These two cases have no bearing on the fact that USA Flag has not been harmed because it already has the information it seeks. In fact, in *Vital Pharmaceuticals*, the defendant assumed the plaintiff would seek only disgorgement of the defendant's profits because that would be "relatively easy to prove." *Vital Pharmaceuticals*, 2022 WL 3083273, at *2. The law does not support USA Flag's argument that in a disgorgement of profits case, like here, the actual computation of the profits to be disgorged falls to the plaintiff – here, USA Football.

Not only does USA Flag's cry of harm fail based on both applicable case law and logic, but USA Flag's Reply brief demonstrates that it knows how to subtract from its profits those that allegedly are not attributable to its infringement. Dkt. 76 at 8 (explaining the subtractions from USA Flag's profit documents that USA Flag would make for the disgorgement calculation). USA Flag ignores the Advisory Committee Note to Rule 26, which states that a party "would not be expected to provide a calculation of damages" when the information about damages is in the hands of the other party. Advisory Committee Note to FED. R. CIV. P. 26. That is USA Flag's burden and it clearly has the information it needs to do the calculation.[1] *See* 15 U.S.C. § 1117(a); Dkt. 70 at 5-6 (citing cases). Even the jury instruction USA Flag cites in its Reply supports USA Football's position. Dkt. 76 at 6; Fifth Circuit Pattern Jury Instruction 14.25 ("Defendant . . . has the burden to prove by a preponderance of the evidence any costs or deductions that it believes must be deducted to calculate its net profits.").

### III. USA FLAG IS NOT ENTITLED TO A DISCOVERY SANCTION BASED ON USA FOOTBALL'S INTERROGATORY RESPONSES.

USA Flag argues in its Reply, for the first time, that because USA Football did not supplement its response to USA Flag's Interrogatory No. 7 after USA Football received scant financial documents,[2] USA Flag is entitled to a discovery sanction for violation of Federal Rule

---

[1] USA Football does not concede that USA Flag would be able to prove those deductions.

[2] USA Flag agreed in discovery to produce "Documents and Communications sufficient to identify USA Flag's annual profits and losses since 2010." Ex. 1, Declaration of Anne Ricchiuto, Ex. A (Nov. 16, 2023 Document Request Responses) at 40. However, only FFWCT, Inc. financial documents were produced. Dkts. 72-1–72-8. USA Football never received financial information for USA Flag, although Burnett testified that it does exist. Ex. 2 [Burnett Dep.] at 373:13-374:5; Ricchiuto Decl., Ex. B (April 24, 2024, discovery letter) at 1, Ex. C (April 26, 2024, discovery responses) at 11. (This additional information is appropriately submitted on surreply to refute USA Flag's new reply argument that USA Football has all of the information it needs to prove USA Flag's profits.)

of Civil Procedure 26(e)(1)(A). *See* Dkt. 76 at 5-6. USA Flag provides no authority for its draconian position that dismissing USA Football's claims for disgorgement is appropriate here.

It is undisputed that USA Football's interrogatory response states: "USAFB is further seeking recovery of all gains, profits, savings and advantages realized by Defendants from the use of USA FLAG or any name, word, mark, or designation confusingly similar thereto, *evidence of which is solely in Defendants' custody at this time and which USAFB has requested*" (Dkt. 70-2 at 8) (emphasis added), and that at that time, USA Flag had not yet produced any financial information. *See* Dkt. 76 at 5 (financials produced in January and February). USA Football's interrogatory response also made clear its position that USA Flag had the burden at trial to prove which of its profits are not attributable to its infringement. Dkt. 70-2 at 8. Yet USA Flag never requested any further meet and confer regarding the damages issue or sought an order compelling additional information, instead waiting until the USA Football Rule 30(b)(6) deposition to quiz its designee about damages topics to which USA Football had objected. Ex. 1, Ricchiuto Decl., Ex. C (Objections to Rule 30(b)(6) Notice) at 6 (Topic 5), 8 (Topic 12). And now USA Flag seeks to have all damages evidence precluded entirely. USA Flag's Reply brief is a belated and poorly-disguised discovery motion and its request should be denied.

This Court has specific procedures in place to deal with discovery disputes. *Smith v. State Farm Lloyds, Inc.*, No. 4:21-CV-837, 2023 WL 123502, at *2 (E. D. Tex. Jan. 6, 2023) (citing Local Rule CV-7(h) (requiring "meet and confer," Court conference, and motion)). *See id.* Even then, striking a pleading (such as a demand for the equitable remedy of disgorgement) generally requires a showing of "bad faith or willful misconduct," *Gaston v. Wilshire Commercial Capital, LLC*, 344 F.R.D. 372, 379 (E. D. Tex. 2023) (internal citations omitted), neither of which have been shown here. The Fifth Circuit also requires a showing that a party has been "substantially

4

prejudice[d]" by a violation of a discovery order before dismissing a claim. *See, e.g., FDIC v. Connor*, 20 F.3d 1376, 1380 (5th Cir. 1994) (articulating four factors that must be met before issuing the "draconian remedy" of dismissal) (internal citations omitted). As discussed above and in USA Football's Response brief, USA Flag has not been prejudiced.

### IV. USA FOOTBALL DOES NOT OWE USA FLAG ANY DAMAGES COMPUTATIONS.

Finally, USA Flag asserts that USA Football has not provided computations of other damages it may be seeking. Dkt. 76 at 10. USA Football does not seek any damages that demand a computation before trial. Besides disgorgement of profits and injunction, USA Football will show at trial that it is entitled to enhanced damages and attorney's fees based on USA Flag's willful and intentional trademark infringement ('516 Dkt. 1 ¶¶ 54, 64, 87), punitive damages due to USA Flag's malice, fraud, gross negligence, or oppressiveness (*id.* ¶ 75), and statutory treble damages, costs of this action, and attorney's fees under the Indiana Crime Victim's Relief Act. (*Id.* ¶ 106). None of these amounts can be determined before the final disgorgement of profits number is determined.

### V. CONCLUSION

USA Flag's approach to the damages issue tracks that of its response to USA Football's motion for summary judgment on infringement: rather than confronting or refuting the merits of its infringing and damaging conduct, USA Flag asks the Court to simply disregard undisputed evidence supporting USA Football's claims under the guise of a discovery rule violation. There is adequate evidence in the record to support USA Football's claim for damages and USA Flag's Motion should be denied.

Respectfully submitted,

*/s/ Anne Ricchiuto*

Amie N. Peele (*pro hac)*
Indiana Bar No. 19523-29
Anne Ricchiuto (*pro hac*)
Indiana Bar No. 25760-49
Kelly Thompson (*pro hac*)
Indiana Bar No. 21846-49
Ashley Hodges (*pro hac*)
Oklahoma Bar No. 31082
apeele@peelelawgroup.com
aricchiuto@peelelawgroup.com
kthompson@peelelawgroup.com
ahodges@peelelawgroup.com
PEELE LAW GROUP, PC
49 Boone Village, Box 299
Zionsville, IN 46077
(202) 964-4500 (Ph)
(202) 964-4502 (Fax)

Louis T. Perry (*pro hac*)
Indiana Bar No. 25736-49
louis.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH
300 N. Meridian St., Ste. 2500
Indianapolis, IN 46204
(317) 237-0300 (Ph)
(317) 237-1000 (Fax)

David Gomez (*pro hac*)
Minnesota Bar No. 0401234
david.gomez@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
(612) 766-7000 (Ph)
(612) 766-1600 (Fax)

Justin Opitz
State Bar No. 24051140
jopitz@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Ste. 1400
Dallas, Texas 75201
(214) 932-6400 (Ph)
(214) 932-6499 (Fax)

*Attorneys for USA Football, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 5, 2024, a true and accurate copy of the foregoing was served upon counsel of record for FFWCT, USA Flag, and Travis Burnett via ECF.

Mark D. Nielsen
Bryan Haynes
Taylor Harris
Scheef & Stone
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

*/s/ Anne Ricchiuto*