EXHIBIT 1A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| FFWCT, LLC; USA FLAG, LLC; and TRAVIS BURNETT, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| USA FOOTBALL, INC., | ) ) ) |
| Defendant. | ) ) |

Case No. 4:23-cv-00465-ALM

**PLAINTIFF USA FLAG, LLC'S RESPONSES TO DEFENDANT USA FOOTBALL,**
**INC'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Court, Plaintiff USA FLAG, LLC ("Plaintiff" or "USA FLAG") responds to Defendant ("Defendant" or "USA FOOTBALL") Second Set of Requests for Production as follows:

**GENERAL OBJECTIONS**

USA Flag states the following general objections with respect to each individual request, whether or not restated specifically in each response, and incorporates the following objections into each individual response.  The objections to individually numbered request following each request are intended to supplement the General Objections and do not limit the applicability of the General Objections that are incorporated in each response.

1.      USA Flag objects to each discovery request to the extent it seeks to impose obligations and duties upon USA Flag greater or different than those requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Texas.

2.      USA Flag objects to each discovery request as unduly burdensome to the extent it seeks information, documents, or things that (a) are not in USA Flag's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 34, (b) are as easily available to USA Football as to USA Flag, and/or (c) that have been or will be produced by one or more of the other parties in this litigation.

3.      USA Flag objects to each request to the extent it seeks information that is outside the scope of USA Flag's institutional knowledge.

4.      USA Flag objects to each discovery request to the extent it seeks discovery regarding events transpiring after the filing date of the suit.  Without waiving this objection, USA Flag may provide discovery regarding events after the date of the filing of this suit or applicable counterclaim.  USA Flag will also consider, on a case-by-case basis, specific supplemental discovery regarding events transpiring after the date of filing of this suit or applicable counterclaim.

5.      USA Flag objects to each discovery request to the extent it seeks confidential or proprietary information pertaining to USA Flag's business, technology, products, and/or economic relationships.  USA Flag will only produce or provide such responsive information once a protective order is in place and/or when the parties agree that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Texas, and upon receipt of permission from third parties, if necessary.  This objection is incorporated into each discovery request below that seeks documents and/or information that constitute commercially sensitive, competitively sensitive, and sensitive business and financial information of the responding party.

6.      USA Flag objects to each discovery request to the extent it lacks proportionality in

terms of proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in violation of Fed.R.Civ.P. 26(b)(1).

7.       USA Flag objects to each discovery request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state statutory, constitutional, or common law.  The inadvertent production of any information or documents that contain information that is privileged, were prepared in anticipation of litigation or for trial, or that are otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such document, or the subject matter thereof, or of the right of USA Flag to object to the use of any such document or information during any subsequent proceeding, hearing, or trial.  Upon request, which shall be met with reciprocity from USA Football, USA Flag will produce a privilege log of any responsive, privileged documents withheld from production, subject to the reservation that work product and attorney-client privileged documents generated after the filing date of the instant action need not be identified on the privilege log.

8.       USA Flag objects to each discovery request to the extent it seeks information not relevant to a claim or defense of a party.

9.       USA Flag objects to the extent that each topic and request is not limited by a reasonable or relevant time period and consequently is overbroad, unduly burdensome, and/or not relevant to a claim or defense of a party.

10.     USA Flag objects to each discovery request as being overbroad and unduly burdensome to the extent it requires USA Flag to provide any information beyond what USA Flag is able to locate from a reasonable search of its files.

11.     USA Flag objects to each request to the extent it seeks legal contentions, calls for a legal conclusion, and/or seeks information prior to the time for its disclosure under the Court's Scheduling Order.

12.     USA Flag objects to each discovery request to the extent it improperly seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than USA Flag's present contentions.

13.     USA Flag objects to each discovery request to the extent that they are not directed at obtaining a concession regarding facts known to the parties.

14.     USA Flag objects to each discovery request to the extent they are repetitive, overlapping, and/or duplicative of other requests.

15.     USA Flag objects to each discovery request to the extent they seek to obtain admissions on the content, characterization, and/or nature of documents because documents speak for themselves, and requests seeking to obtain admissions on documents are improper. Furthermore, a document has context, the writer's intent, and other subjective variables, which cannot be legitimately reduced to matters of fact, of mixed fact and law, or of opinion.

16.     USA Flag objects to each discovery request to the extent that they would require USA Flag to conduct expensive, time-consuming, and burdensome discovery (fact and expert) relating to the request.  Indeed, to the extent that USA Flag does not have sufficient knowledge of the subject matter of the request, USA Flag objects because it is not required to accept any of these references at face value.  Nor will USA Flag stipulate to their authenticity, relevancy, materiality,

or competency where it is not able to do so.

17.     USA Flag objects to each discovery request on the basis that the terms and/or information contained therein are incomplete, inaccurate, and/or not true.

18.     USA Flag objects to each discovery request on the basis that USA Flag's inquiry into USA Football's request is limited to a review and inquiry of those persons and documents that are within USA Flag's knowledge or control without undue effort or expense.  USA Flag objects to each discovery request to the extent it will require USA Flag to consult with a third party, quite possibly an expert, in order to formulate a response.

19.     USA Flag objects to each discovery request to the extent legal terms are used and/or employed therein because USA Flag cannot reasonably respond to such requests based on USA Football's use and/or employment of such terms.  USA Flag also objects to the extent the request requires USA Flag to compare facts to legal terms.

20.     To the extent USA Flag admits that any particular document is "a true and correct copy of the original [document] and is authentic within the meaning of Federal Rule of Evidence 901," or words to that effect, USA Flag is not waiving any other objection to the request and/or admitting that the document is otherwise admissible at trial.  Nor is USA Flag waiving its right to challenge the authenticity of the document at a later time if further investigation warrants such a challenge.

21.     To the extent USA Flag admits that any particular document is "a business record maintained by USA Flag in the regular course of business," or words to that effect, USA Flag is not waiving any other objection to the request and/or admitting that the document is otherwise admissible at trial.  Nor is USA Flag waiving its right to challenge whether the document is a business record at a later time if further investigation warrants such a challenge.

22.     To the extent a discovery request is directed towards obtaining an admission about "business records," or words to that effect, USA Flag objects to the extent any particular document is in USA Flag's possession as a result of this or any other litigation.  USA Flag also objects to the extent any particular document is in USA Flag's possession against any policy and/or practice at USA Flag concerning document retention.

23.     USA Flag objects to each discovery request to the extent any document referred to by one or more requests is incomplete and/or constitutes more than one document.

24.     USA Flag objects to each discovery request to the extent it seeks documents that are protected from disclosure by any right of privacy, including financial privacy, that may apply to USA Flag.

25.     USA Flag's response to each discovery request is hereby made without waiver of, and with the intentional preservation of:

a.     all questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

b.     the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

c.     the right to object at any time for any further response to this or any other request for information or production of documents including all objections as to burdensomeness, vagueness, overbreadth and ambiguity;

d.     the right to object on any ground to any further requests involving or relating

to any of the paragraphs in these discovery requests; and

   e.  the right at any time to revise, correct, supplement, or clarify the responses and objections propounded herein.

26.  USA Flag objects to the definition of "Communication" and "Communications" in that terms such as "every manner or means," "or otherwise," and "include, but are not limited to, any and all," are vague and ambiguous, not specified, and not reasonably particularized.  USA Flag further objects to this request in that it calls for confidential and sensitive business information and privileged information.

27.  USA Flag objects to the definition of "Document" and "Documents" in that "includes anything, including but not limited to" is vague and ambiguous, not specified, and not reasonably particularized.  USA Flag further objects to this request in that it calls for confidential and sensitive business information and intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.  USA Flag further objects to this definition to the extent it expands the definitions of "Document" and "Documents" beyond what is required under the Federal Rules of Civil Procedure or Local Rules of this Court.

28.  USA Flag objects to the definition of "identify," "identity," and "identification" to the extent it imposes obligations and duties upon USA Flag greater or different than those requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Texas, and to the extent it intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.  USA Flag further objects to the definition of "identify," "identity," and "identification" in that it contains multiple subparts, including at least four (4) subparts with respect to its use in connection with a communication, at least three (3) subparts with respect to its use in connection with a person, and

at least an additional five (5) subparts with respect to its use in connection with a natural person.

29.     USA Flag objects to the definition of "USA Football" and "Defendant" in that it is vague and ambiguous as to who are "all entities under which [USA Football] has done business" and further vague and ambiguous as to who are USA Football's "predecessors in interest and all past or present directors, officers, members, employees, agents, or representatives."  USA Flag further objects that the definition is overbroad and reflects an attempt to circumvent Fed.R.Civ.P. 45 or the Local Rules of this Court.

30.     USA Flag objects to the definition of "You," "Your," and "Plaintiff," in that it is vague and ambiguous as to "all entities or names" and "anyone acting or purporting to act on behalf of."  USA Flag further objects that the definition is overbroad and unduly burdensome and reflects an attempt to circumvent Fed.R.Civ.P. 45 or the Local Rules of this Court.  It is also objectionable to the extent it intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.

31.     USA Flag objects based at least on the objections to the definitions that such requests fail to reasonably particularize the documents sought, in violation of Fed.R.Civ.P. 34(b)(1)(A).

32.     USA Flag objects to all of the Instructions as overbroad and unduly burdensome to the extent they impose requirements, obligations, and/or duties on USA Flag greater than or different than the requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Texas.

33.     USA Flag objects to Instruction Nos. 1 and 7 as overbroad and unduly burdensome in light of Fed.R.Civ.P. 34(a)(1).

34.     USA Flag objects to Instruction Nos. 2 and 3 as overbroad and unduly burdensome

to the extent it imposes requirements beyond what is required in the Rules, including Fed.R.Civ.P. 26(e).

35.     USA Flag objects to Instruction No. 8 as overbroad and unduly burdensome to the extent it imposes requirements beyond what is required in the Rules, including Fed.R.Civ.P. 26(b)(5).

36.     These general objections are intended to be included within each response below, to the extent applicable.  For example, if a defined term is used in a request, the general objection stated with respect to that defined term would be included in the response to the particular request in which the defined term was used.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 29.** All Documents and Communications, including internal Communications and third-party Communications, referencing Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague, ambiguous, and unintelligible as to "referencing Defendant."  This request cannot be readily understood as written.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications,

including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 30.** All Documents and Communications, including internal Communications and third-party Communications, supporting Plaintiffs' claim in ¶ 10 of their Complaint that Mr. Burnett "is the proverbial 'mover and shaker' behind FFWCT and USA Flag [and] very experienced in the flag football industry in terms of running tournaments, events, and camps, having been involved as an organizer of flag football tournaments in around (sic) the country since at least as early as 2010."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents

sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 31.**  Documents and Communications sufficient to identify all flag football events USA Flag has organized since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents,

communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 32.** All Documents and Communications, including internal Communications and third-party Communications, regarding Plaintiffs' decision to publicly represent USA Flag as an "ultimate governing body" or "national governing organization."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 33.** All Documents and Communications, including internal Communications and third-party Communications, supporting USA Flag's status as an "ultimate governing body" or "national governing organization."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the

documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 34.** All Documents and Communications, including internal Communications and third-party Communications, regarding Your decision to

cease any public representation of USA Flag as an "ultimate governing body" or "national governing organization."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents,

communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 35.** All Documents and Communications, including internal Communications and third-party Communications, supporting Your claim that USA Football has represented itself as a "national governing body" under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220501.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its

possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 36.** All Documents and Communications, including internal Communications and third-party Communications, regarding any confusion, mistake, or deception that USA Football is a "national governing body" under the Ted Stevens Olympic and Amateur Sports Act or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 37.** All Documents and Communications, including internal Communications and third-party Communications, regarding Your discussion with the individual referenced in ¶ 14 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 38.** All Documents and Communications, including internal Communications and third-party Communications, supporting Your claim in ¶ 22 of their Complaint that they "firmly believe that they are known to the [United States Olympic and Paralympic Committee] in the sport of flag football[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications,

including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 39.** All Documents and Communications, including internal Communications and third-party Communications, supporting Your claim in ¶ 24 of its Complaint that "FFWCT and USA Flag are far better at staging and operating flag football camps, events, tournaments, and the like than USA Football."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they

were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 40.** All Documents and Communications, including internal Communications and third-party Communications, regarding Your claim in ¶ 25 of its Complaint that You "regularly hear from organizations and sponsors in and around the flag football industry that FFWCT and USA Flag are inferior to or below USA Football because USA Football has incorrectly, inaccurately, falsely, deceptively, and/or misleadingly proclaimed

to the industry and the world that it is the national governing body for football, including flag football, in the United States, whereas FFWCT and USA Flag do not make such representations."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 41.** All   Documents   and   Communications,

including internal Communications and third-party Communications, regarding USA Flag's attempts to seek "national governing body" status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

Following a reasonably diligent search, to the best of USA Flag's knowledge, USA Flag does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42.** All Documents and Communications, including internal Communications and third-party Communications, regarding attempts by USA Flag to collaborate or work with the NFL Foundation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents,

communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 43.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and any current or former employee or representative of the NFL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 44.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and NFL Operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality

in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 45.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and the NFL Foundation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**: USA Flag hereby

incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 46.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and any NFL football club or any other football club.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the

request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 47.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and any sponsor of USA Flag or the NFL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions

of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 48.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and any sporting venue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 49.** All Documents and Communications, including internal Communications and third-party Communications, referring to or regarding USA Football or any current or former employee or representative of USA Football, between USA Flag and any tournament operator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents

sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 50.** All    Documents    and    Communications
reflecting or regarding USA Flag's participation in the 2019 Request for Proposal process to serve
as administrator of the NFL's "NFL Flag" program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**: USA Flag hereby
incorporates by reference its General Objections, to the extent applicable to this request, as if they
were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to
the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the
documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality
in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications,
including internal communications and third-party communications, and does not limit the
documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions
of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly
confidential, sensitive, and private business information of USA Flag, and that if disclosed, would
likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from
disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the

request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 51.** All contracts or agreements between USA Flag and any sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly

confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 52.**  All Documents and Communications related to Your 2022 negotiations with the "NFL Operations" and the alleged "contract to fund Plaintiff USA Flag to the tune of several million dollars per year" as described in ¶ 28 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 53.**  Documents and Communications sufficient to identify all third-party agreements USA Flag has entered into since 2010 to run flag football events, including tournaments and camps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the

documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request to the extent it lacks proportionality in terms of proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in violation of Fed.R.Civ.P. 26(b)(1).

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents

sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 54.** Documents and Communications sufficient to identify USA Flag's annual profits and losses since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 55.** All Documents and Communications, including internal Communications and third-party Communications, regarding alterations to USA

Flag's business model "to direct resources towards building its business" as described in ¶ 30 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents

sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 56.** All business plans, proposals, forecasts, presentations to investors or potential investors, or other analyses regarding USA Flag's services in the field of flag football.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the

request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 57.** All Documents and Communications, including internal Communications and third-party Communications, referred to or relied upon in answering any Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is vague, ambiguous, and unintelligible in terms of seeking documents used to produce documents, which is unclear.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

43

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

USA Flag cannot respond to this request unless and until it is clarified and narrowed by the propounding party.

**REQUEST FOR PRODUCTION NO. 58.**  All Documents relied on in support of Your answers to Defendant's First Set of Interrogatories to You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**: USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is overbroad in that it does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request as unduly burdensome and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it is vague, ambiguous, and unintelligible

in terms of seeking documents used to produce documents, which is unclear.

USA Flag further objects to this request as being vague and ambiguous as to the definitions of "Documents" and "Communications" as set forth in the General Objections.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag also objects to this request in that it seeks documents that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

USA Flag cannot respond to this request unless and until it is clarified and narrowed by the propounding party.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date:   November 17, 2023                    By:      /s/ Mark D. Nielsen
                                                                   **Mark D. Nielsen**
                                                                   Texas Bar No. 24062361
                                                                   Mark.Nielsen@solidcounsel.com
                                                                   2600 Network Blvd., Suite 400
                                                                   Frisco, Texas 75034
                                                                   (214) 472-2100 Telephone
                                                                   (214) 472-2150 Fax

                                                                   **Anna Rebecca Skupin**
                                                                   Texas Bar No. 24084272
                                                                   Becca.Skupin@solidcounsel.com
                                                                   200 N. Travis Street, Suite 402
                                                                   Sherman, Texas 75201

(430) 262-5660 Telephone
(430) 262-5661 Fax

**ATTORNEYS FOR PLAINTIFFS
FFWCT, LLC, USA FLAG, LLC, AND
TRAVIS BURNETT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 17, 2023, a true and accurate copy of the foregoing document **PLAINTIFF USA FLAG, LLC'S RESPONSES TO DEFENDANT USA FOOTBALL, INC'S SECOND SET OF REQUESTS FOR PRODUCTION** was served upon counsel of record for Defendant via electronic mail.

Amie N. Peele, Esq.
Anne K. Ricchiuto, Esq.
PEELE LAW GROUP
49 Boone Village
Box 299
Zionsville, IN 46077
Tel: 202.964.4500
Fax: 202.964.4502
apeele@peelelawgroup.com
aricchiuto@peelelawgroup.com
plgfilemanagement@peelelawgroup.com

Louis T. Perry, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel: 317.237.1089
Fax: 317.237.1000
louis.perry@faegredrinker.com

Sara E. Inman, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas, Texas 75201
Tel: 469.357.2544
Fax: 469.327.0860
sara.inman@faegredrinker.com

Counsel for Defendant USA Football, Inc.


 */s/ Mark D. Nielsen*
Mark D. Nielsen