EXHIBIT 1C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| USA FOOTBALL, INC., | ) | Case Nos. 4:23-cv-00465 and |
| | ) | 4:23-cv-00516-ALM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FFWCT, LLC; USA FLAG, LLC; and | ) | |
| TRAVIS BURNETT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT USA FLAG, LLC'S RESPONSES TO PLAINTIFF USA FOOTBALL, INC'S THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Court, Defendant USA FLAG, LLC ("Defendant" or "USA Flag") responds to Plaintiff ("Plaintiff" or "USA Football") Third Set of Requests for Production as follows:

### GENERAL OBJECTIONS

USA Flag states the following general objections with respect to each individual request, whether or not restated specifically in each response, and incorporates the following objections into each individual response. The objections to individually numbered request following each request are intended to supplement the General Objections and do not limit the applicability of the General Objections that are incorporated in each response.

1.    USA Flag objects to each discovery request to the extent it seeks to impose obligations and duties upon USA Flag greater or different than those requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Texas.

2.      USA Flag objects to each discovery request as unduly burdensome to the extent it seeks information, documents, or things that (a) are not in USA Flag's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 34, (b) are as easily available to USA Football as to USA Flag, and/or (c) that have been or will be produced by one or more of the other parties in this litigation.

3.      USA Flag objects to each request to the extent it seeks information that is outside the scope of USA Flag's institutional knowledge.

4.      USA Flag objects to each discovery request to the extent it seeks discovery regarding events transpiring after the filing date of the suit. Without waiving this objection, USA Flag may provide discovery regarding events after the date of the filing of this suit or applicable counterclaim. USA Flag will also consider, on a case-by-case basis, specific supplemental discovery regarding events transpiring after the date of filing of this suit or applicable counterclaim.

5.      USA Flag objects to each discovery request to the extent it seeks confidential or proprietary information pertaining to USA Flag's business, technology, products, and/or economic relationships. USA Flag will only produce or provide such responsive information once a protective order is in place and/or when the parties agree that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Texas, and upon receipt of permission from third parties, if necessary. This objection is incorporated into each discovery request below that seeks documents and/or information that constitute commercially sensitive, competitively sensitive, and sensitive business and financial information of the responding party.

6.      USA Flag objects to each discovery request to the extent it lacks proportionality

2

in terms of proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in violation of Fed.R.Civ.P. 26(b)(1).

7.      USA Flag objects to each discovery request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state statutory, constitutional, or common law. The inadvertent production of any information or documents that contain information that is privileged, were prepared in anticipation of litigation or for trial, or that are otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such document, or the subject matter thereof, or of the right of USA Flag to object to the use of any such document or information during any subsequent proceeding, hearing, or trial. Upon request, which shall be met with reciprocity from USA Football, USA Flag will produce a privilege log of any responsive, privileged documents withheld from production, subject to the reservation that work product and attorney-client privileged documents generated after the filing date of the instant action need not be identified on the privilege log.

8.      USA Flag objects to each discovery request to the extent it seeks information not relevant to a claim or defense of a party.

9.      USA Flag objects to the extent that each topic and request is not limited by a reasonable or relevant time period and consequently is overbroad, unduly burdensome, and/or not relevant to a claim or defense of a party.

10.     USA Flag objects to each discovery request as being overbroad and unduly burdensome to the extent it requires USA Flag to provide any information beyond what USA Flag is able to locate from a reasonable search of its files.

11.     USA Flag objects to each request to the extent it seeks legal contentions, calls for a legal conclusion, and/or seeks information prior to the time for its disclosure under the Court's Scheduling Order.

12.     USA Flag objects to each discovery request to the extent it improperly seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than USA Flag's present contentions.

13.     USA Flag objects to each discovery request to the extent that they are not directed at obtaining a concession regarding facts known to the parties.

14.     USA Flag objects to each discovery request to the extent they are repetitive, overlapping, and/or duplicative of other requests.

15.     USA Flag objects to each discovery request to the extent they seek to obtain admissions on the content, characterization, and/or nature of documents because documents speak for themselves, and requests seeking to obtain admissions on documents are improper. Furthermore, a document has context, the writer's intent, and other subjective variables, which cannot be legitimately reduced to matters of fact, of mixed fact and law, or of opinion.

16.     USA Flag objects to each discovery request to the extent that they would require USA Flag to conduct expensive, time-consuming, and burdensome discovery (fact and expert) relating to the request. Indeed, to the extent that USA Flag does not have sufficient knowledge of the subject matter of the request, USA Flag objects because it is not required to accept any of these references at face value. Nor will USA Flag stipulate to their authenticity, relevancy,

materiality, or competency where it is not able to do so.

17.    USA Flag objects to each discovery request on the basis that the terms and/or information contained therein are incomplete, inaccurate, and/or not true.

18.    USA Flag objects to each discovery request on the basis that USA Flag's inquiry into USA Football's request is limited to a review and inquiry of those persons and documents that are within USA Flag's knowledge or control without undue effort or expense. USA Flag objects to each discovery request to the extent it will require USA Flag to consult with a third party, quite possibly an expert, in order to formulate a response.

19.    USA Flag objects to each discovery request to the extent legal terms are used and/or employed therein because USA Flag cannot reasonably respond to such requests based on USA Football's use and/or employment of such terms. USA Flag also objects to the extent the request requires USA Flag to compare facts to legal terms.

20.    To the extent USA Flag admits that any particular document is "a true and correct copy of the original [document] and is authentic within the meaning of Federal Rule of Evidence 901," or words to that effect, USA Flag is not waiving any other objection to the request and/or admitting that the document is otherwise admissible at trial. Nor is USA Flag waiving its right to challenge the authenticity of the document at a later time if further investigation warrants such a challenge.

21.    To the extent USA Flag admits that any particular document is "a business record maintained by USA Flag in the regular course of business," or words to that effect, USA Flag is not waiving any other objection to the request and/or admitting that the document is otherwise admissible at trial. Nor is USA Flag waiving its right to challenge whether the document is a business record at a later time if further investigation warrants such a challenge.

22.     To the extent a discovery request is directed towards obtaining an admission about "business records," or words to that effect, USA Flag objects to the extent any particular document is in USA Flag's possession as a result of this or any other litigation. USA Flag also objects to the extent any particular document is in USA Flag's possession against any policy and/or practice at USA Flag concerning document retention.

23.     USA Flag objects to each discovery request to the extent any document referred to by one or more requests is incomplete and/or constitutes more than one document.

24.     USA Flag objects to each discovery request to the extent it seeks documents that are protected from disclosure by any right of privacy, including financial privacy, that may apply to USA Flag.

25.     USA Flag's response to each discovery request is hereby made without waiver of, and with the intentional preservation of:

a.      all questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

b.      the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

c.      the right to object at any time for any further response to this or any other request for information or production of documents including all objections as to burdensomeness, vagueness, overbreadth and ambiguity;

d.      the right to object on any ground to any further requests involving or

relating to any of the paragraphs in these discovery requests; and

       e.    the right at any time to revise, correct, supplement, or clarify the responses and objections propounded herein.

26.    USA Flag objects to the definition of "Communication" and "Communications" in that terms such as "every manner or means," "or otherwise," and "include, but are not limited to, any and all," are vague and ambiguous, not specified, and not reasonably particularized.  USA Flag further objects to this request in that it calls for confidential and sensitive business information and intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.  USA Flag further objects that the definition is overbroad and reflects an attempt to circumvent Fed.R.Civ.P. 45.

27.    USA Flag objects to the definition of "Document" and "Documents" in that "includes anything, including but not limited to" is vague and ambiguous, not specified, and not reasonably particularized. USA Flag further objects to this request in that it calls for confidential and sensitive business information and intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges. USA Flag further objects to this definition to the extent it expands the definitions of "Document" and "Documents" beyond what is required under the Federal Rules of Civil Procedure or Local Rules of this Court.

28.    USA Flag objects to the definition of "identify," "identity," and "identification" to the extent it imposes obligations and duties upon USA Flag greater or different than those requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of this Court, and to the extent it intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.  USA Flag further objects to the definition of "identify," "identity," and "identification" in that it contains multiple subparts, including at least four (4)

subparts with respect to its use in connection with a communication, at least three (3) subparts with respect to its use in connection with a person, and at least an additional five (5) subparts with respect to its use in connection with a natural person.

29.     USA Flag objects to the definition of "refers," and "relates to" in that terms such as "refers" or "relates to" and "in any way pertinent to that matter" are vague and ambiguous, not specified, and not reasonably particularized.   USA Flag further objects to this definition as unduly burdensome.   To determine whether any document, information, or thing refers to, concerns, or is in anyway pertinent to the facts recited in the request requires interpretation, and it is unclear from the request in what manner the documents, information, or thing may refer to, concern, or in any way be pertinent to such facts.

30.     USA Flag objects to the definition of "USA Football" and "Defendant" in that it is vague and ambiguous as to who are "all entities under which [USA Football] has done business" and further vague and ambiguous as to who are USA Football's "predecessors in interest and all past or present directors, officers, members, employees, agents, or representatives." USA Flag further objects that the definition is overbroad and reflects an attempt to circumvent Fed.R.Civ.P. 45 or the Local Rules of this Court.

31.     USA Flag objects to the definition of "You," "Your," and "Plaintiff," in that it is vague and ambiguous as to "all entities or names" and "anyone acting or purporting to act on behalf of."   USA Flag further objects that the definition is overbroad and reflects an attempt to circumvent Fed.R.Civ.P. 45 or the Local Rules of this Court. It is also objectionable to the extent it intrudes upon the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges.

32.     USA Flag objects based at least on the objections to the definitions that such

requests fail to reasonably particularize the documents sought, in violation of Fed.R.Civ.P. 34(b)(1)(A).

33.     USA Flag objects to all of the Instructions as overbroad and unduly burdensome to the extent they impose requirements, obligations, and/or duties on USA Flag greater than or different than the requirements mandated by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Texas.

34.     USA Flag objects to Instruction Nos. 1 and 7 as overbroad and unduly burdensome in light of Fed.R.Civ.P. 34(a)(1).

35.     USA Flag objects to Instruction Nos. 2 and 3 as overbroad and unduly burdensome to the extent it imposes requirements beyond what is required in the Rules, including Fed.R.Civ.P. 26(e).

36.     USA Flag objects to Instruction No. 8 as overbroad and unduly burdensome to the extent it imposes requirements beyond what is required in the Rules, including Fed.R.Civ.P. 26(b)(5).

37.     These general objections are intended to be included within each response below, to the extent applicable. For example, if a defined term is used in a request, the general objection stated with respect to that defined term would be included in the response to the particular request in which the defined term was used.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 59**: Documents and Communications sufficient to show all transfers of assets to and from USA Flag, LLC since You filed this Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:   USA Flag hereby

incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous and not reasonably particularized as to what constitutes an "asset."

USA Flag further objects to this request as overbroad and unduly burdensome in seeking USA Flag to describe in detail "all" assets transferred to or from USA Flag since the filing of the Complaint.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of USA Flag's documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents and other communications and/or information that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag further objects to this request in that it encompasses documents and other communications and/or information that are protected from disclosure by the attorney-client privilege and attorney work product doctrine inasmuch as the request does not limit the third-party communications to non-privileged documents, communications, or contents.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, no such documents are believed to exist.

**REQUEST FOR PRODUCTION NO. 60**: All financial statements for USA Flag from 2016 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous and not reasonably particularized as to what constitutes an "financial statement."

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to produce "all" financial statements and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents and other communications and/or information that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag further objects to this request in that it encompasses documents and other communications and/or information that are protected from disclosure by the attorney-client privilege and attorney work product doctrine.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, all such documents are believed to have been produced.  To the extent additional documents exist, are located after a reasonable search, and

are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 61**:  Documents and Communications sufficient to show the number of flag football tournaments You or Your predecessor FFWCT have run, operated, or sponsored since 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous as to the term "predecessor" since FFWCT and USA Flag have coexisted.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 62**:  Documents and Communications sufficient to show the number of flag football camps You or Your predecessor FFWCT have run, operated, or sponsored since 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:  USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous as to the term "predecessor" since FFWCT and USA Flag have coexisted.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 63**:  Documents and Communications sufficient to show the number of flag football clinics You or Your predecessor FFWCT have run, operated, or sponsored since 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous as to the term "predecessor" since FFWCT and USA Flag have coexisted.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 64**:  Documents and Communications sufficient to show the number of flag football conferences You or Your predecessor FFWCT have run, operated, or sponsored since 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:  USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous as to the term "predecessor" since FFWCT and USA Flag have coexisted.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, no such documents are believed to exist.

**REQUEST FOR PRODUCTION NO. 65**:   All Documents and Communications related to any plans You had to pay Mr. Travis Burnett a salary of $240,000 in the years 2023 and/or 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous as to the term "plans" to pay Mr. Burnett.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents

sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 66**:   All Documents and Communications related to Your decision to not include flag football camps in the document entitled Revised Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, no such documents are believed to exist.

**REQUEST FOR PRODUCTION NO. 67**:   All Documents and Communications related to Your decision to not include flag football clinics in the document entitled Revised

Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, no such documents are believed to exist.


**REQUEST FOR PRODUCTION NO. 68**:   All Documents and Communications related to Your decision to not include flag football conferences in the document entitled Revised Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, no such documents are believed to exist.


**REQUEST FOR PRODUCTION NO. 69**:  Documents and Communications sufficient to identify the anticipated costs associated with the $1,680,000 "Staffing" line item in the Year 1 – 2023 section of the document entitled Revised Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:  USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking

proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, all such documents are believed to have been produced.  To the extent additional documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 70**:  Documents and Communications sufficient to identify the anticipated costs associated with the $1,055,000 "Tournaments" line item in the Year 1 – 2023 section of the document entitled Revised Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:  USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, all such documents are believed to have been produced.  To the extent additional documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 71**:  Documents and Communications sufficient to identify the anticipated costs associated with the $480,000 "Tournaments" line item in the Year 2 – 2024 section of the document entitled Revised Partnership Budget – October 2022 (FFWCT0007952-FFWCT0007954.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to

the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, all such documents are believed to have been produced.  To the extent additional documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.


**REQUEST FOR PRODUCTION NO. 72**:  To the extent not already produced in response to Request for Production Nos. 29, 56 (USA Flag & FFWCT), and Nos. 29, 55 (Burnett), all Communications with Paul Sarvadi regarding this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:  USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks communications that are not

22

relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag further objects to this request in that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state statutory, constitutional, or common law.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter. However, to the best of USA Flag's knowledge, no additional documents are believed to exist.

**REQUEST FOR PRODUCTION NO. 73**:  Documents and Communications sufficient to show your organizational hierarchy, including, but not limited to, Paul Sarvadi's ownership in and/or role with USA Flag or FFWCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:   USA Flag hereby

incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

USA Flag further objects to this request in that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state statutory, constitutional, or common law.

Subject to the foregoing objections, USA Flag responds as follows:

To the extent documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 74**:  Documents and Communications in which you represent to third parties that You are or will be involved with the 2028 Olympics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:   USA Flag hereby incorporates by reference its General Objections, to the extent applicable to this request, as if they were set forth fully herein.

USA Flag further objects to this request in that it is vague and ambiguous and not reasonably particularized as what constitutes being "involved with the 2028 Olympics."

USA Flag further objects to this request in that it seeks documents that are not relevant to the claims and defenses in this case.

USA Flag further objects to this request as overbroad, unduly burdensome, and lacking proportionality in that it asks USA Flag to search the entirety of Plaintiffs' documents and communications, including internal communications and third-party communications, and does not limit the documents and communications to any time period or any subject matter relevant to the claims and defenses in this case.

USA Flag further objects to this request in that it seeks documents that are the highly confidential, sensitive, and private business information of USA Flag, and that if disclosed, would likely cause competitive harm to USA Flag.

Subject to the foregoing objections, USA Flag responds as follows:

To the best of USA Flag's knowledge, all such documents are believed to have been produced.  To the extent additional documents exist, are located after a reasonable search, and are in its possession, custody, or control, USA Flag will produce responsive, non-privileged documents sought by this request to the extent they have not already been produced in this matter.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

Date:   April 26, 2024          By:     */s/ Mark D. Nielsen*

**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
**Bryan Haynes**
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

**Michael C. Smith**
Texas Bar No. 18650410
Michael.Smith@solidcounsel.com
113 East Austin Street
Marshall, Texas 75670
(903) 938-8900 Telephone

**ATTORNEYS FOR PLAINTIFFS
FFWCT, LLC, USA FLAG, LLC, AND
TRAVIS BURNETT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 26, 2024, a true and accurate copy of the

foregoing document **DEFENDANT USA FLAG, LLC'S RESPONSES TO PLAINTIFF USA**

**FOOTBALL, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** was served upon

counsel of record for Plaintiff via electronic mail.

Amie N. Peele, Esq.
Anne K. Ricchiuto, Esq.
PEELE LAW GROUP
49 Boone Village
Box 299
Zionsville, IN 46077
Tel: 202.964.4500
Fax: 202.964.4502
apeele@peelelawgroup.com
aricchiuto@peelelawgroup.com
plgfilemanagement@peelelawgroup.com

Louis T. Perry, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel: 317.237.1089
Fax: 317.237.1000
louis.perry@faegredrinker.com

Sara E. Inman, Esq.
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas, Texas 75201
Tel: 469.357.2544
Fax: 469.327.0860
sara.inman@faegredrinker.com

Counsel for Plaintiff USA Football, Inc.

 */s/ Mark D. Nielsen*
Mark D. Nielsen