IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| USA FOOTBALL, INC., *Plaintiff*, v. FFWCT, LLC; USA FLAG, LLC; and TRAVIS BURNETT, *Defendants*. | Consolidated Case Nos. 4:23-cv-00465-ALM & 4:23-cv-516-ALM |

**USA FOOTBALL, INC.'s OBJECTIONS AND RESPONSES TO FFWCT, LLC'S SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF USA FOOTBALL, INC.**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, USA Football, Inc. ("USAFB") serves these objections and responses to the March 11, 2024 Second Amended Notice of Rule 30(b)(6) Deposition ("Notice") to USA Football.

**GENERAL OBJECTIONS**

1. Pursuant to Rule 30(b)(6), a statement that USAFB will produce a witness or witnesses to testify with respect to a given topic is a commitment only to produce a witness to testify with respect to that portion of the topic specifically designated and with respect to the information known or reasonably available to USAFB. A statement that USAFB will produce a witness in response to a Topic is not an admission as to the relevance of that Topic or an admission or indication that information responsive to that Topic exists.

2. USAFB objects to the Notice to the extent that several categories seek to require lay witnesses to testify to legal conclusions or USAFB's legal contentions. It is well established that it is "generally prohibited for a lay witness to interpret statutes and to give legal opinions." *United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011), *as revised* (Dec. 27, 2011); *see also*

*Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. CV 13-373-SDD-EWD, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018), *aff'd*, No. CV 13-373-SDD-EWD, 2018 WL 5993471 (M.D. La. Nov. 14, 2018) ("Courts in this Circuit have found that [deposition] questions seeking legal conclusions are inappropriate."); *Atwood v. Union Pac. R.R. Co.*, No. 8:21CV394, 2022 WL 17585893, at *8 (D. Neb. Dec. 12, 2022) ("It is improper to directly question a lay witness regarding a party's legal contentions."); *Fairview Health Servs. v. Quest Software Inc.*, No. 20-CV-1326 (SRN/LIB), 2021 WL 5087564, at *7 (D. Minn. Sept. 24, 2021) (30(b)(6) topics requesting all facts supporting a defense or claim improperly intrude upon attorney work-product doctrine).

3.      USAFB objects to the Notice seeking testimony on "all" facts, documents, or communications to the extent that topic making such requests fail to meet Rule 30(b)(6)'s requirements of "reasonable particularity." *See, e.g., Dennis v. United States*, No. 3:16-CV-3148-G-BN, 2017 WL 4778708, at *10 (N.D. Tex. Oct. 23, 2017) (quashing topic as "overly broad because it fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts as to which it must prepare its corporate representative to testify").

4.      USAFB objects to the Notice to the extent it seeks to impose requirements or obligations on USAFB beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court ("Local Rules"), and/or the Court's Scheduling Order in this case.

5.      USAFB objects to the Notice to the extent it seeks to impose requirements or obligations beyond the parties' agreement with respect to electronically stored information ("ESI"). *See* Dkt. 42.

6.      USAFB objects to the Notice to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable

privileges. Such information will not be provided, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7. USAFB objects to the Notice to the extent that it calls for information that is confidential, commercially sensitive, or which constitute confidential financial or proprietary information or trade secrets which are protected from disclosure by law or contract, other than as provided for and consistent with the protective order in this case.

8. USAFB objects to the Notice to the extent that it is unduly burdensome and oppressive, vague and ambiguous, overly broad, annoying, harassing, duplicative, cumulative, indefinite as to time or scope, unintelligible, or otherwise disproportionate to the needs of the case. The Notice is needlessly confusing insofar as it references discovery requests and responses rather than stating topics of inquiry.

9. USAFB objects to FFWCT's definition of "YOU," "YOUR," and "YOURS." Defendant applies those terms to mean USAFB.

10. USAFB objects to the definition of "DOCUMENT" as vague, ambiguous, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure. USAFB understands "DOCUMENT" to have its ordinary meaning.

11. USAFB objects to the definition of "IDENTIFY" as vague, ambiguous, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure.

12. USAFB objects to this Notice to the extent it purports to require anything other than 30(b)(6) witness testimony.

13. USAFB objects to the definition of "COMMUNICATION" as vague, ambiguous, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure. USAFB understands "COMMUNICATION" to have its ordinary meaning.

14. USAFB objects to the definition of "WITNESS" as vague, ambiguous, overbroad, unduly burdensome, and as seeking to impose obligations beyond the Federal Rules of Civil Procedure. USAFB understands "WITNESS" to have its ordinary meaning.

15. USAFB's responses are based upon information presently known to USAFB. USAFB reserves the right to amend and/or supplement its objections and responses if and when additional information is discovered.

16. Subject to and without waiving the general and specific objections stated herein, USAFB designates Jamie Riley to testify regarding the topics described in the Notice.

**DEPOSITION TOPICS**

**TOPIC NO. 1**

USA Football's Complaint in the '516 Action, including identification of FACTS AND DOCUMENTS CONCERNING OR SUPPORTING USA Football's allegations in ¶¶ 11, 19, 34, 36, 37, 38, 46, 47, 48 (as to the USA FLAG mark), 50, 51, 52, 58, 62, 66, (as to the USA FLAG mark), 69, 71 (as to the USA FLAG mark), 73, 74, 82, 84 (as to the USA FLAG mark), 85, 93 (as to the USA FLAG mark), and 95 (note that in this Notice "ALL FACTS AND DOCUMENTS" shall refer to those facts and documents within USA Football's possession, custody, or control or otherwise reasonably available to USA Football that USA Football intends to rely upon to support its allegations, claims, defenses, and counterclaims in one or both cases, as indicated by this and the following topics).

**RESPONSE:**

4

USAFB objects to "identification of FACTS AND DOCUMENTS," and "as indicated by this and the following topics" as vague, overbroad and unduly burdensome. USAFB further objects to this topic as failing to describe with reasonable particularity the matters for examination as it effectively encompasses all facts and documents relating to USAFB's claim. USAFB objects to this topic to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 2**

Exhibits D and F to the Complaint in the '516 Action.

**RESPONSE:**

USAFB objects to Topic No. 2 to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 3**

Meaning of "the Marks" in ¶ 17 of the Complaint in the '516 Action.

**RESPONSE:**

USAFB objects to "the meaning of the Marks" as vague, overbroad and unduly burdensome. USAFB further objects to this topic as failing to describe with reasonable particularity the matters for examination. USAFB objects to this topic to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 4**

IDENTIFY FACTS AND DOCUMENTS CONCERNING OR SUPPORTING YOUR first, second, and third affirmative defenses to Defendants' First Amended Counterclaim in the '516 Action.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony.

USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony. *See* General Objection No. 2.

**TOPIC NO. 5**

Subsection (a)(1)(A)(iii) of USA Football's Rule 26(a) (or any supplements thereto in the '465 and '516 cases).

**RESPONSE:**

USAFB objects to this topic to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 6**

YOUR infringement contentions with respect to each of the TRADEMARKS, including an identification of FACTS AND DOCUMENTS SUPPORTING YOUR position on each factor in the likelihood of confusion analysis YOU intend to apply.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 7**

The factual basis and identification of SUPPORTING DOCUMENTS for YOUR unfair competition, false designation of origin, or the Indiana Crime Victims Relief Act claims in the '516 Action.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing

6

30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 8**

The factual basis and identification of SUPPORTING DOCUMENTS for YOUR claims of vicarious and contributory trademark infringement and unfair competition claims against Burnett, including the requisite scienter.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 9**

Documents USAFB 224-227.

**RESPONSE:**

USAFB objects to this topic to the extent it improperly seeks legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 10**

The existence and basis for any claimed goodwill in the USA FLAG and USA FLAG FOOTBALL marks and YOUR responses (including any supplemental responses) to FFWCT's and USA Flag's Interrogatory Nos. 5 and 6.

**RESPONSE:**

USAFB objects to this topic to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 11**

YOUR response (including any supplemental responses) to FFWCT's and USA Flag's Interrogatory No. 4 and Burnett's Interrogatory No. 3.

**RESPONSE:**

USAFB objects to this topic to the extent it improperly seeks legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 12**

YOUR annual revenues from 2016 to the present in connection with flag football events, camps, merchandise, sponsorships, teams, or any other sources, AND YOUR damages theories and calculations or computations of any such damages in the '516 case, including an identification of FACTS AND DOCUMENTS SUPPORTING YOUR calculations and computations AND YOUR response to USA Flag Request for Admission No. 8.

**RESPONSE:**

USAFB objects to this topic to the extent it is improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony. USAFB objects to "identification of FACTS AND DOCUMENTS" as vague, overbroad and unduly burdensome. USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to "damages theories and calculations or computations of any such damages in the '516 case" to the extent it seeks information outside the scope of "information known or reasonably available to [USAFB]" under Rule 30(b)(6). 15 U.S.C § 1117 only requires a plaintiff to show "the amount of the defendant's sales of the infringing product [while] <u>defendant</u> has the burden of showing all elements of cost and other deductions." *Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 586 (5th Cir. 1980) (emphasis added).

**TOPIC NO. 13**

Focusing on trademark usage, ALL of YOUR advertising, marketing, AND/OR promotion of any products or services YOU sell or offer for sale in connection with the USA FLAG or USA FLAG FOOTBALL trademarks since YOU first started offering such products or services for sale.

**RESPONSE:**

USAFB objects to "[f]ocusing on trademark usage" as vague, ambiguous, and improper to the extent it seeks lay witness testimony defining trademark use.  USAFB objects to "ALL of YOUR advertising, marketing, AND/OR promotion…since YOU first started offering such products or services for sale" as vague, overbroad, and failing to describe with reasonable particularity the matters for examination.

**TOPIC NO. 14**

IDENTIFY FACTS AND DOCUMENTS SUPPORTING YOUR ownership of common law trademark rights for USA FLAG and USA FLAG FOOTBALL, including any common law trademark rights in USA FLAG and/or USA FLAG FOOTBALL that are superior to those of FFWCT, USA Flag, and/or Burnett.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 15**

YOUR response (including any supplemental responses) FFWCT's and USA Flag's Interrogatory Nos. 10 and 11 and Burnett's Interrogatory Nos. 7 and 8, including, but not limited to, the persons, dates, locations, subject matter, and details of any conversations or DOCUMENTS that may support your responses.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony.

**TOPIC NO. 16**

YOUR response (including any supplemental responses) FFWCT's and USA Flag's Interrogatory No. 12 and Burnett's Interrogatory No. 9, including, but not limited to, the factual basis for and timing of when your alleged trademark rights in USA FLAG and USA FLAG FOOTBALL arose.

**RESPONSE:**

USAFB objects to this topic as improperly seeking legal contentions from a lay witness providing 30(b)(6) testimony. *See* General Objection No. 2.

**TOPIC NO. 17**

YOUR response (including any supplemental responses) to Burnett Interrogatory No. 1, including, but not limited to, the factual basis and details for what you refer to as "associated work product" in YOUR response, and the implications related thereto.

**RESPONSE:**

USAFB objects to this topic on the basis that it supplemented the interrogatory response in question on December 15, 2023, and the reference to "associated work product" was removed.

**TOPIC NO. 18**

YOUR response (including any supplemental responses) to Burnett Interrogatory No. 14, including, but not limited to, the persons, dates, locations, subject matter, and details of any conversations or DOCUMENTS that may support your response that Burnett was advised that USA Football considered use of USA FLAG to be infringing, as well as what mark(s) USA Football considered at the time would be infringed were Defendants to use the USA FLAG mark in connection with flag football.

**RESPONSE:**

USAFB objects to this topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this topic to the extent it improperly seeks legal contentions from a lay witness providing 30(b)(6) testimony and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 19**

Reconciliation of YOUR responses (and any supplements thereto) to FFWCT's, USA Flag's, and Burnett's Request for Admission No. 7 with FFWCT's and USA Flag's Request for Production of Documents No. 39 (and Burnett's Request for Production of Documents No. 2).

**RESPONSE:**

USAFB objects to this Topic as vague, improperly seeking legal contentions from a 30(b)(6) lay witness and to the extent it calls for information protected by privilege or work product. *See* General Objection No. 2.

**TOPIC NO. 20**

Your response (and any supplements thereto) to FFWCT's Interrogatory No. 16.

**RESPONSE:**

USAFB objects to this Topic to the extent that it responded to Interrogatory No. 16 in the negative.

**TOPIC NO. 21**

YOUR responses (and any supplements thereto) to FFWCT's and USA Flag's Request for Admissions Nos. 45 and 46 and Burnett's Request for Admissions Nos. 48 and 49.

**RESPONSE:**

USAFB objects to this Topic to the extent that it denied the referenced Requests.

**TOPIC NO. 22**

Written agreements between USA Football and any of the defendants in the '516 Action.

**RESPONSE:**

11

USAFB objects to this Topic on the basis that it does not describe the topics for deposition with reasonable particularity, to the extent it seeks legal contentions from a 30(b)(6) lay witness and to the extent it calls for information protected by privilege or work product.

**TOPIC NO. 23**

YOUR organizational structure including any parents, subsidiaries, affiliates, owners, investors, officers, directors, managers, communications and public relations personnel since January 1, 2018 including decision making hierarchies and reports/chain-of-command as they pertain to flag football and the TRADEMARKS.

**RESPONSE:**

USAFB objects to this Topic in that it does not describe the topics for deposition with reasonable particularity.

**TOPIC NO. 24**

YOUR motivation for filing the '516 Action.

**RESPONSE:**

USAFB objects to this Topic as vague, ambiguous, harassing, and argumentative. USAFB objects to this Topic to the extent it calls for materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege. USAFB objects to this Topic as improperly seeking legal contentions from a 30(b)(6) lay witness.

**TOPIC NO. 25**

IDENTIFY COMMUNICATIONS YOU have had from January 1, 2018 to date with representatives of the NFL, NFL Operations, NFL Foundation, or NFL Flag with, including, but not limited to, Troy Vincent, Kimberly Fields, Avis Roper, Roman Oben, and/or Izell Reese, CONCERNING YOUR having been designated national governing body, or YOUR having

national governing body certification or status for flag football (or football generally), under the Ted Stevens Olympic and Amateur Sports Act or otherwise.

**RESPONSE:**

USAFB objects to this Topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this Topic as overbroad as to time.

**TOPIC NO. 26**

IDENTIFY COMMUNICATIONS AND/OR DOCUMENTS YOU have submitted to the United States Olympic and Paralympic Committee regarding applying for national governing body certification or status for flag football (or football generally) under the Ted Stevens Olympic and Amateur Sports Act.

**RESPONSE:**

USAFB objects to this Topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony.

**TOPIC NO. 27**

Non-privileged, internal COMMUNICATIONS at USA Football since January 1, 2020 CONCERNING the '465 Action, the '516 Action, OR the Defendants in the '516 Action, including such COMMUNICATIONS related to: (a) the Event Collaboration Agreement, the May 2020 Letter from Ryan Horning to Travis Burnett (and any responses thereto), (b) any efforts by Travis Burnett to "reach out" to Scott Hallenbeck either directly or through Eric Mayes in 2022 after the Event Collaboration Agreement expired about trademark matters, (c) the September 21, 2022 Letter from Amie Peele to Travis Burnett, (d) the October 3, 2022 response to the September 21, 2022 Letter from Amie Peele to Travis Burnett, (e) the decision to file the lawsuit that is now the '516 Action, and (f) scouting flag football athletes at Defendants' tournaments and competitions from 2018 to the present.

**RESPONSE:**

USAFB objects to this Topic to the extent it purports to seek an interrogatory response or documents to be produced as opposed to designating a topic for 30(b)(6) witness testimony. USAFB objects to this Topic as vague, overbroad, and to the extent it calls for materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

**TOPIC NO. 28**

Documents USAFB 371-379 and 381-400.

**RESPONSE:**

USAFB objects to this Topic to the extent it calls for information protected by privilege or work product.

/s/ Anne K. Ricchiuto

Amie N. Peele (*pro hac)*
Indiana Bar No. 19523-29)
Anne Ricchiuto (*pro hac*)
Indiana Bar No. 25760-49)
apeele@peelelawgroup.com
aricchiuto@peelelawgroup.com
PEELE LAW GROUP, PC
49 Boone Village, Box 299
Zionsville, IN 46077
 (202) 964-4500 (Ph)
 (202) 964-4502 (Fax)

Louis T. Perry (*pro hac*)
Indiana Bar No. 25736-49
Louis.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Ste. 2500
Indianapolis, IN 46204
(317) 237-0300 (Ph)
(317) 237-1000 (Fax)

David Gomez (*pro hac*)
Minnesota Bar No. 0401234
David.Gomez@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 S. Seventh Street

Minneapolis, MN 55402
(612) 766-7000 (Ph)
(612) 766-1600 (Fax)

Justin Optiz
State Bar No. 24051140
jopitz@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Ste. 1400
Dallas, Texas 75201
(214) 932-6400 (Ph)
(214) 932-6499 (Fax)

*Attorneys for USA Football, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2024, a true and accurate copy of the foregoing document **USA FOOTBALL, INC.'s OBJECTIONS AND RESPONSES TO FFWCT, LLC'S SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF USA FOOTBALL, INC.** was served upon counsel of record for Defendant via electronic mail.

**SCHEEF & STONE, L.L.P.**
**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Fax

/s/  Anne K. Ricchiuto