# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| USA FOOTBALL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:23-cv-465 |
| | § | Judge Mazzant |
| FFWCT, LLC; USA FLAG, LLC; AND | § | LEAD |
| TRAVIS BURNETT, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant USA Football's Motion for Summary Judgment (Dkt. #57). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a consolidated case involving two competing lawsuits between FFWCT, LLC, USA Flag, LLC, and Travis Burnett (collectively, "Flag") and USA Football, Inc.[1] In the 516 Action, USA Football brings claims against Flag for trademark infringement (516 Action, Dkt. #1). In the 465 Action—the home of the instant dispute—Flag brings claims against USA Football for false

---

[1] This matter comes before the Court after it consolidated two cases for pretrial purposes (Dkt. #19), both of which arise from the same nucleus of operative facts: 4:23-cv-516 (the "516 Action") and 4:23-cv-465 (the "465 Action"). Both causes of action arise from a transaction of alleged unfair competition between FFWCT and USA Football (*See* Dkt. #1; 516 Action, Dkt. #1). The 516 Action was originally filed in Indiana state court on February 13, 2023 (516 Action, Dkt. #1). It was removed to the Southern District of Indiana and subsequently transferred to this Court on June 6, 2023 (516 Action, Dkt. #32). As discussed below, through the 516 Action, USA Football asserts claims against FFWCT and USA Flag for trademark infringement and unfair competition (516 Action, Dkt. #1). Separately, in the 465 Action, filed in this Court on May 22, 2023, FFWCT asserts causes of action against USA Football under the Lanham Act (Dkt. #1). The 465 Action is the lead case (Dkt. #19). Accordingly, the Court will cite to it by referencing its docket number. *See, e.g.*, (Dkt. #[ ]). The 516 Action, being consolidated with the 465 Action, will be cited as the "516 Action" with a corresponding docket number. *See, e.g.*, (516 Action, Dkt. # [ ]).

or misleading representation of fact, false or misleading description of fact, and unfair competition under the Lanham Act (Dkt. #1 at pp. 13–20).

At its core, the 465 Action turns on the truth of USA Football's claims to its consumers and clients that it is the "national governing body" for football, including flag football (*See* Dkt. #1). Flag challenges the veracity of USA Football's statements to that effect (*See* Dkt. #1). In Flag's view, USA Football's statements are nothing more than false representations and descriptions of fact, actionable under the Lanham Act (*See* Dkt. #1).

USA Football defends its statements and, on May 17, 2024, brought the instant Motion for Summary Judgment to establish the truth of its statements as a matter of law (*See* Dkt. #57). Though USA Football concedes that "no entity has been *certified* as the national governing body" for flag football, it argues that it derives "national governing body status" from the designations it holds from the International Federation of American Football ("IFAF") and United States Olympic and Paralympic Committee ("USOPC") (Dkt. #57 at pp. 3–6) (emphasis in original). So, the argument goes, because "USA Football does not refer to itself as the *certified* national governing body," its statements, technically, are neither false nor misleading (Dkt. #57 at p. 5). Finally, USA Football contends that even if its statements are false, Flag has provided no evidence that USA Football's "national governing body" claims have caused Flag any harm (Dkt. #57 at pp. 16–19). Accordingly, USA Football contends that there are no remaining fact issues on Flag's Lanham Act claims and, therefore, it is entitled to judgment as a matter of law (*See* Dkt. #57).

Not so fast, says Flag. According to Flag, the fact that USA Football has never referred to itself as the "*certified* national governing body" is a distinction without a difference (*See* Dkt. #73). On June 21, 2024, Flag responded to USA Football's Motion for Summary Judgment, arguing that

"national governing body" is a term of art defined by the Ted Stevens Olympic and Amateur Sports Act (Dkt. #73 at ¶ 5) (citing 36 U.S.C. § 220501(a)(9) ("'national governing body' means an amateur sports organization, a high-performance management organization, or a paralympic sports organization that is certified by the corporation under [S]ection 220521.")). Flag adds that USA Football has not been certified by the USOPC as the "national governing body" for flag football (Dkt. #73 at ¶¶ 33–34). Without that certification, Flag argues, USA Football's claim that it is the "national governing body" for flag football is necessarily false under the Ted Stevens Act definition (Dkt. #73 at ¶¶ 33–34). Therefore, Flag contends that fact issues preclude summary judgment in USA Football's favor (*See* Dkt. #73).

On June 28, 2024, USA Football filed a Reply to rebut Flag's contentions (Dkt. #78). Through it, USA Football argues that "the phrase 'national governing body' is not legally restricted and . . . is certainly susceptible to more than one interpretation" (Dkt. #78 at p. 5). Thus, USA Football avers, its use of the phrase "national governing body" cannot be deemed literally false (Dkt. #78 at p. 5). Further, USA Football argues that its "national governing body" status played no role in its relationship with the National Football League ("NFL") (Dkt. #78 at p. 5). Consequently, USA Football submits that its statements were not misleading (Dkt. #78 at pp. 5–7). Once again, Flag disagrees (*See* Dkt. #81). On July 5, 2024, Flag filed a Sur-Reply (Dkt. #81). There, Flag doubles down on its initial arguments, contending that "[u]nder the Ted Stevens Act, certification is *inherent* in the phrase 'national governing body'" (Dkt. #81 at p. 2) (emphasis in original). Accordingly, Flag resists the disposal of its claims on summary judgment (Dkt. #81).

But the arguments do not stop there. On September 11, 2024, USA Football filed a Motion for Leave to Supplement Summary Judgment Evidence, which the Court granted (Dkt. #92; Dkt.

#93). USA Football's supplemental summary judgment evidence includes a written communication from Travis Burnett, USA Flag's Chief Executive Officer ("CEO"), to Wade Kelly, the CEO of American Football Australia (Dkt. #92 at p. 1; Dkt. #94-2). The message, dated August 5, 2024, states that "[w]e [USA Flag] aren't our NGB, USA Football is . . . ." (Dkt. #92 at p. 1; Dkt. #94-2). According to USA Football, Burnett's concession is the knockout punch on Flag's claims (*See* Dkt. #92). Flag, however, does not consider Burnett's statement contradictory to its claims (Dkt. #95). Instead, Flag argues that because its claims focus on USA Football's statements in 2021 and 2022, Burnett's concession in 2024 does not amount to an admission that negates its own claims (Dkt. #95).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the entire summary judgment record and the parties' arguments, the Court is not convinced that USA Football has met its burden to demonstrate that there are no issues of material fact that entitles either party to judgment as a matter of law. This case is laden

with fact questions, and it is a jury's province to decide those fact questions. *See, e.g., Accresa Health LLC v. Hint Health Inc.*, No. 4:18-CV-00536, 2020 WL 4644459, at *51 (E.D. Tex. Mar. 19, 2020), *report and recommendation adopted*, No. 4:18-CV-00536, 2020 WL 2610908 (E.D. Tex. May 22, 2020) ("The literal falsity or misleading nature of a statement is a question of fact, and summary judgment should not be granted where a reasonable jury could determine the veracity of the statements at issue."); *Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 238 (5th Cir. 2014) (finding that the veracity of a defendant's statements in a Lanham Act claim is a fact question for the jury to determine).[2]

## CONCLUSION

It is therefore **ORDERED** that Defendant USA Football's Motion for Summary Judgment (Dkt. #57) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 1st day of May, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] In its Response, Flag raises thirteen objections to the evidence that USA Football submitted in support of its Motion for Summary Judgment (Dkt. #73 at pp. 5–6). The Court does not rely on any of that evidence in denying USA Football's Motion (Dkt. #57). But for the avoidance of doubt, to the extent that the Court relied on any evidence in determining USA Football's Motion for Summary Judgment (Dkt. #57), Flag's evidentiary objections (Dkt. #73 at pp. 5–6) are overruled. *Cf. Turner*, 476 F.3d at 343 (citations omitted) (noting that at the summary judgment stage, the district court must consider all of the evidence in the record to determine whether there is a dispute as to any material fact and draw all reasonable inferences in the light most favorable to the nonmoving party); *see also Maurer v. Indep. Town*, 870 F.3d 380, 385 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form," but "need only be *capable* of being presented in a form that would be admissible in evidence.") (emphasis in original) (cleaned up).

6