# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| USA FOOTBALL, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> FFWCT, LLC; USA FLAG, LLC; AND § <br> TRAVIS BURNETT, § <br> § <br> *Defendants.* § | Civil Action No. 4:23-cv-465 <br> Judge Mazzant <br> LEAD |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is The FFWCT Parties' Motion for Partial Summary Judgment on USAFB's Claim for Damages (Dkt. #59). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a consolidated case involving two competing lawsuits between FFWCT, LLC, USA Flag, LLC, and Travis Burnett (collectively, "Flag") and USA Football, Inc.[1] The instant dispute asks the Court to resolve a pending motion for summary judgment on damages in the 516 Action (Dkt. #59). The Court laid out the full factual background in its January 3, 2025, Memorandum

---

[1] This matter comes before the Court after it consolidated two cases for pretrial purposes (Dkt. #19), both of which arise from the same nucleus of operative facts: 4:23-cv-516 (the "516 Action") and 4:23-cv-465 (the "465 Action"). Both causes of action arise from a transaction of alleged unfair competition between FFWCT and USA Football (*See* Dkt. #1; 516 Action, Dkt. #1). The 516 Action was originally filed in Indiana state court on February 13, 2023 (516 Action, Dkt. #1). It was removed to the Southern District of Indiana and subsequently transferred to this Court on June 6, 2023 (516 Action, Dkt. #32). As discussed below, through the 516 Action, USA Football asserts claims against FFWCT and USA Flag for trademark infringement and unfair competition (516 Action, Dkt. #1). Separately, in the 465 Action, filed in this Court on May 22, 2023, FFWCT asserts causes of action against USA Football under the Lanham Act (Dkt. #1). The 465 Action is the lead case (Dkt. #19). Accordingly, the Court will cite to it by referencing its docket number. *See, e.g.*, (Dkt. #[ ]). The 516 Action, being consolidated with the 465 Action, will be cited as the "516 Action" with a corresponding docket number. *See, e.g.*, (516 Action, Dkt. # [ ]).

Opinion and Order (Dkt. #130), which the Court incorporates here by reference. The Court will not fully recount those facts but instead will summarize the relevant facts below.

The current dispute arises from a business venture gone wrong between USA Football and FFWCT.[2] Proposed in 2017, the joint venture—under the name USA Flag—sought to create "Flag Football's New Governing Body" (Dkt. #130 at p. 2). The joint operation never gained any traction, but the parties maintained a healthy business relationship until around April 21, 2020, when FFWCT's "mover and shaker," Travis Burnett, filed an application to register the trademark USA FLAG (Application Serial Number 88880085) (Dkt. #130 at p. 3). The description of services in the application closely resembled that in a USA Football mark that was registered on March 28, 2017 (516 Action, Dkt. #2-2 at p. 2; Dkt. #130 at p. 4). Accordingly, USA Football formally opposed the application with the Trademark Trial and Appeal Board, which blocked registration of the USA FLAG mark (516 Action, Dkt. #2-4, 2-5; Dkt. #130 at p. 4).

In March of 2021, the parties rekindled the relationship by executing an agreement under which FFWCT would permit USA Football to scout at FFWCT events (Dkt. #130 at pp. 4–5). FFWCT also agreed to cease using the name and branding for "USA FLAG" throughout the Initial Term of the agreement (Dkt. #130 at p. 5). However, on April 17, 2022, just over a month after the Initial Term expired, an entity named USA Flag LLC filed a trademark application in the mark USA FLAG (Dkt. #62-40). Burnett was the signatory (Dkt. #62-40 at p. 3). FFWCT's official rebrand to USA Flag followed. Travis Burnett, *Flag Football World Championship Tour Rebrands in a Bid to Broaden Recognition of the Sport*, USA FLAG (Sept. 14, 2022),

---

[2] The initial joint venture involved USA Football and Flag Football World Championship Tour LLC, an Indiana limited liability company that served as the predecessor entity to FFWCT, LLC (Dkt. #62 at p. 6).

https://usaflag.org/flag-football-world-championship-tour-rebrands-in-a-bid-to-broaden-recognition-of-the-sport/. In response, USA Football sent cease-and-desist letters to Burnett and FFWCT, to no avail (516 Action, Dkt. #2-10).

On February 13, 2023, USA Football sued Flag for trademark infringement, unfair competition, and false designation of origin arising under the Lanham Act (516 Action, Dkt. #1). USA Football primarily seeks disgorgement of Flag's profits attributable to its alleged infringement (516 Action, Dkt. #1 at ¶¶ 52, 62, 74, 85). On July 28, 2023, USA Football served its Initial Disclosures under Rule 26(a)(1) (Dkt. #59-1). The Initial Disclosures did not include a calculation of damages, but instead provided the following:

> USA Football is seeking recovery of all gains, profits, savings and advantages realized by Defendants from the use of USA FLAG or any name, word, mark, or designation confusingly similar thereto. Such information is in Defendants' custody and control at this time and will be ascertained during discovery.
>
> USA Football is seeking damages, including costs, disbursements, and attorney's fees owed to them by reason of Defendants' willful infringement of its marks.

(Dkt. #59-1 at p. 4). On August 3, 2023, USA Football supplemented its disclosures (Dkt. #59-2). Again, it included the same language under its "computation of any category of damages claimed by the disclosing party" (Dkt. #59-2 at p. 4). Discovery closed on April 26, 2024 (Dkt. #36).

On May 17, 2024, Flag filed its Motion for Partial Summary Judgment on USAFB's Claim for Damages (Dkt. #59). Through it, Flag claims an entitlement to judgment as a matter of law on USA Football's damages claims due to USA Football's alleged failure to disclose its computation of damages in its Initial Disclosures (*See* Dkt. #59). According to Flag, USA Football's deficient disclosure warrants exclusion of any evidence of damages under Rule 37 (Dkt. #59 at pp. 10–11). Assuming the Court agrees that exclusion is a proper remedy, Flag argues that there are no remaining disputes as to any material fact on USA Football's damages claim (Dkt. #59 at pp. 14–

15). Hence, the instant motion. USA Football opposes Flag's motion on the basis that the documents supporting USA Football's damages calculation were in Flag's custody and control (Dkt. #70 at p. 4). On June 28, 2024, Flag replied (Dkt. #76). On July 5, 2024, USA Football filed a Sur-Reply (Dkt. #84).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears

4

the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Flag claims an entitlement to summary judgment on USA Football's claim for damages due to its insufficient Initial Disclosures (*See* Dkt. #59). Yet Flag's argument is predicated on the Court excluding USA Football's evidence of damages under Rule 37 (Dkt. #59). Thus, in the Court's view, Flag's summary judgment argument is twofold (*See* Dkt. #59). First, it asks the Court to sanction USA Football by excluding its damages evidence under Rule 37 (Dkt. #59 at p. 10). Then, assuming the Court rules favorably on its request, Flag seeks summary judgment because the lack of evidence of USA Football's damages entitles Flag to judgment as a matter of law (Dkt. #59 at p. 14). Because Flag cannot move the chains on its first request, summary judgment is not proper.

The Court begins with Flag's request to exclude USA Football's evidence of damages. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii):

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii). Failure to comply with Rule 26's requirements may lead to sanctions. Indeed, Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

FED. R. CIV. P. 37(c)(1)(A–C). Likewise, the Court's Scheduling Order provides that:

> A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Civil Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

(Dkt. #36). A motion to compel is not required before Rule 37's exclusive sanction may apply. *Hovanec v. Miller*, 33 F.R.D. 624, 634 (W.D. Tex. 2019). The Fifth Circuit has provided four factors that should guide a district court's evaluation of whether a violation of Rule 26 is harmless. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Those factors include: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including

6

the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

"The Fifth Circuit describes the sanctions of Rule 37 as 'not exclusive or arbitrary,' but rather 'flexible, and within reason, [they] may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case.'" *Jonibach Mgmt Tr. v. Wartburg Enter., Inc.*, 136 F. Supp. 3d 792, 807–08 (S.D. Tex. 2015) (citing *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2289, at 791 (1970)), *cert. denied,* 454 U.S. 818 (1981). "Rule 37 only requires [that] the sanctions the Court imposes 'hold the scales of justice even.'" *Id.* (internal citation omitted). "Furthermore, the law favors resolution of disputes on the merits over dismissal, the "draconian remedy of last resort." *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); *Brinkmann v. Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)); *see also EEOC v. IESI La. Corp.*, 720 F. Supp. 2d 750, 753 (W.D. La. 2010) ("Extreme sanctions such as dismissal or default judgment, however, are remedies of last resort, and the Court may apply them only in extreme circumstances where failure to comply with the Court's order results from willfulness or bad faith.") (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *Butler v. Cloud*, 104 F. App'x 373, 374 (5th Cir. 2004); *Batson*, 765 F.2d at 514–15).

Here, despite Flag's arguments to the contrary, the Fifth Circuit factors overwhelmingly counsel against excluding evidence of USA Football's damages. The Court addresses each factor in turn.

7

First, as USA Football explains in its Initial Disclosures, it did not provide a damages calculation on disgorgement because "[s]uch information is in [Flag]'s custody and control at this time and will be ascertained during discovery" (Dkt. #59-1 at p. 4). Despite its intimate familiarity with Rule 26's obligations and Rule 37's consequences for violating those obligations, Flag conveniently ignores the 1993 Advisory Committee Note to Rule 26, which provides as follows:

> Subparagraph (C) imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product. *Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.*

FED. R. CIV. P. 26 advisory committee's note to 1993 amendment (emphasis added). Accordingly, the Advisory Committee Note suggests that failure to provide a calculation of damages under these circumstances would not even amount to a Rule 26 violation in the first place. *See id.* Thus, USA Football's omission of a disgorgement calculation is not only unproblematic but *expected*.

For purposes of this Order, the Court could engage with this issue no further and stop here. But for the sake of completeness, even assuming that a violation occurred, USA Football has provided an adequate explanation for its failure to disclose a damages calculation. The Court cannot reasonably expect USA Football to provide a calculation of damages that relies on financial information that is in Flag's possession, custody, and control. Thus, the first factor counsels against exclusion.

The remaining factors similarly favor including USA Football's damages evidence. As to the importance of the damages evidence, Flag concedes in its Motion for Summary Judgment that "evidence of damages . . . is important to [USA Football]'s case" (Dkt. #59 at p. 12). Yet it argues

8

that because USA Football seeks an injunction, the evidence is not indispensable to this case (Dkt. #59 at p. 12). While the Court agrees that exclusion of this evidence would not leave USA Football without a remedy in this action, the Court disagrees that this factor favors exclusion. Evidence of Flag's profits is a critical piece of USA Football's trademark infringement claim, and the Court is not convinced that the availability of alternative remedies is sufficient to tip the scales in Flag's favor. Thus, the second factor weighs in favor of including the evidence. Third, as discussed above, the damages calculation that Flag seeks relies on financial documents that Flag possesses. *Supra* at 8; (*see also* Dkt. #70 at p. 6). Indeed, Flag is capable—and likely better equipped than USA Football—of calculating the amount of profits attributable to Flag's alleged infringement. Consequently, Flag has not shown any prejudice in allowing USA Football to introduce evidence of its damages at trial. Finally, the Court turns to the availability of a continuance. As luck would have it, for reasons unrelated to this Motion, the Court's upcoming trial schedule requires it to continue this trial to a later date. This additional time militates against exclusion. This minor continuance should allow Flag adequate time to prepare for the admission of that evidence at trial. To be clear, this "continuance" is nothing of the sort—it is by happenstance. Flag needs no remedy because the inclusion of the evidence is not problematic and harmonizes with Rule 26. *Supra* at 8. Flag is (and has long been) on notice of the evidence and calculations related to disgorgement, which USA Football has pursued as a remedy since day one (*See* 516 Action, Dkt. #1). No less, the realities of the Court's docket necessitate a brief continuance. Certainly, that additional time will alleviate any concern of prejudice of which Flag now complains.

Finally, having determined that there is no basis to exclude evidence of Flag's profits under Rule 37, fact issues on damages remain in abundance. Consequently, Flag's request for summary judgment on USA Football's claims for damages must fail.

## CONCLUSION

It is therefore **ORDERED** that The FFWCT Parties' Motion for Partial Summary Judgment on USAFB's Claim for Damages (Dkt. #59) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 1st day of May, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE